KNOX & AL. *vs.* LERMOND.

Where, in a writ of entry, the tenant prayed for an appraisement of the land, under the provisions of *Stat.* 1821, *ch.* 47, and after verdict for the demandant he abandoned the land to the tenant at the price found by the jury, for which sum judgment was thereupon rendered for the demandant, and the tenant appealed therefrom to this Court, but failed to enter and prosecute his appeal ;—upon complaint of the demandant, the judgment of the Court below, for the value of the land in money, was affirmed in this Court, with interest, and single costs.

The facts in this case are stated in the opinion of the Court, which was delivered at *June* term in *Kennebec*, by

MELLEN C. J. This is a writ of entry. In the Court of Common Pleas a verdict was returned in favor of the demandant ; and at the request of the parties the premises demanded, and the improvements thereon made, were estimated by the jury, pursuant to the provisions of the statute of 1821, *ch.* 47, commonly called the betterment law ; and during the term in which the verdict was given, the demandant made his election on record,

in open Court, to abandon the demanded premises to the tenant at the price estimated by the jury as aforesaid, on which verdict the special judgment, by law required, was duly entered ; and from that judgment the tenant appealed to this Court ; but failing to enter his appeal, the demandant has entered his complaint and prayer for affirmation of judgment ;—and the question is, in what manner, and for what sum we are to render judgment. The provisions of the first section of said act are peculiar. So far as they relate to the point under consideration they are these ;— "The jury which try the same (cause) if they find a verdict for "the demandant, shall, if the tenant so request, also inquire and "by their verdict ascertain the increased value of the demand- "ed premises, by virtue of the buildings and improvements made "by such tenant, or those under whom he may claim ; and (if the "demandant require it) what would have been the value of the "demanded premises, had no buildings or improvements been "made by such tenant, or those under whom he claims. And if "during the term in which such verdict shall have been given, "the demandant shall make his election in open Court to abandon "the demanded premises to the tenant at the price estimated by "the jury as aforesaid, then no judgment for possession shall be "rendered on the verdict ; but judgment for the sum so estimat- "ed. And after one year, a writ of execution may issue for the "same sum with one year's interest thereon, and costs of suit, "unless the tenant shall within one year after the rendition of "said judgment pay into the clerk's office of said Court for the "use of the demandant one year's interest of the said sum, togeth- "er with one third part of the said sum, and the costs of suit, if "taxed ; in which case the said writ of execution shall further "stay." The section contains similar provisions, *mutatis mutan- dis*, as to the annual payment of the other two thirds of said estimated value and the interest thereon. The foregoing provi- sions are, in terms, applicable only to those cases in which judg- ment is rendered on verdict ; and they do not embrace a case like the present. Is the omission to enter an appeal in such cases, a waiver of all the benefits of the act ;—leaving the Court to enter a general judgment on the default in favor of the deman- dant to recover seisin and possession of the demanded premises as

in common cases ?  This would seem to be a harsh construction against the tenant ; and not in conformity to the spirit of the provision in the fourth section of the statute of 1822, *ch.* 193, by which this Court on complaint for the non-prosecution of an appeal, are to affirm the judgment of the Court of Common Pleas, with costs according to the special circumstances of the case.

Another construction may be given more consonant to justice and in unison with the intentions of the legislature.  It is true, that by the appeal, the judgment of the Court of Common Pleas, and the verdict on which it was rendered are set aside, and in legal contemplation have ceased to exist ; and therefore, in those cases when no verdict is given in this Court, a judgment of affirmation cannot be rendered by us according to the strict language of the statute.  We must therefore give such a construction as may, as far as practicable, effectuate the object in view when it was passed.  For this purpose, we may reasonably consider that the tenant, when he fails to enter his appeal, thereby admits that the value of the demanded premises and the buildings and improvements thereon was fairly estimated by the jury in the Court of Common Pleas ; and consents that the demandant should have judgment for the amount of the estimated value of the premises ;  and as the delay in obtaining such judgment in this Court is occasioned by the act of the tenant in interposing the appeal, justice requires that he should be charged with interest on the amount of the judgment below ; and as an equivalent for this, the term of credit is extended, because the year within which the costs and one third of the judgment must be paid, will commence at the time of the rendition of such judgment in this Court.  The same justice to be sure, would be attained by simply affirming the judgment of the Court of Common Pleas without adding interest ; limiting the commencement of the year, so as to establish its commencement at the time the judgment was rendered on the verdict ; but the language of the statute seems not to warrant this construction.  It contemplates the year as commencing at the time judgment is rendered ; and as we consider the judgment of this Court as a final judgment virtually rendered on the verdict in the Court of Common Pleas, and an adoption and affirmation of it, the year must commence at the

time we render the judgment.   Hence the justice of charging
the tenant with interest on the judgment below, by way of addi-
tional damages.   In this case, therefore, the Clerk will cast
interest on the amount of the estimated value of the demanded
premises, for which sum judgment was rendered in the Court of
Common Pleas, up to the time of entering judgment at this term
in this Court ;  and for the total amount, enter such conditional
judgment as the statute requires, with additional single costs
only.   In this manner the respective rights of the parties are
preserved and the objects which they both have had in view are
accomplished.