UPPER COÖS RAILROAD v. PARSONS.

A railroad corporation may abandon their appeal from an award of land damages by the commissioners, and thereupon judgment will be entered for the amount of the award, with interest and costs.

APPEAL, by the plaintiffs from an award of damages made by the board of commissioners and selectmen for land of the defendant taken for the plaintiffs' railroad. At the last September term, the plaintiffs waived and abandoned their appeal, and thereupon the court ordered the award to be affirmed, with interest and costs. The defendant demanded a trial by jury, and excepted to the refusal of the court to grant it.

*Drew & Jordan, Aldrich & Remich,* and *J. H. Dudley,* for the plaintiffs.

*Ossian Ray,* for the defendant. An appeal by either party vacates the award, and inasmuch as the law guarantees the right of a trial by jury in such case, when the award has been vacated by an appeal by either party, a withdrawal or waiver of the appeal cannot be allowed until the question of damages, which is the only question involved, is settled according to law. To allow the appellant in such case to waive his appeal deprives the other party of the right to have his damages assessed by a jury, or else drives him to the necessity of filing an appeal concurrently with the other party. In other words, such holding compels both parties to appeal at the same time, when the cause is legally removable into a higher court by the action of either party alone. The order of the court affirming the judgment of the joint board in the assessment of damages, against our objection, and denying our motion for a jury trial, was contrary to the terms of the statute, and contrary to all precedent known in our practice in similar cases. *Mathes* v. *Bennett,* 21 N. H. 188, 203 ; *Wallace* v. *Brown,* 25 N. H. 216, 220 ; *Stalbird* v. *Beattie,* 36 N. H. 455 ; *Souhegan Nat. Bank* v. *Wallace,* 60 N. H. 354.

CLARK, J. An appraisal of land damages by railroad commissioners is conclusive unless appealed from; and either party aggrieved may appeal. If no appeal is claimed within thirty days after notice, the report of the commissioners is final. G. L., c. 160, s. 17. If either party desires an assessment of damages by a jury, the statute provides the mode of obtaining it by an appeal within thirty days, and a party failing to appeal within the time specified, thereby waives his right to have the damages assessed by a jury. By neglecting to appeal, the appellee waived the right to object to the damages awarded by the commissioners. The

appellant objecting to the award, and claiming an appeal, was not legally bound to insist on his objection. The right to abandon his appeal is analogous to the right of a party to become nonsuit, which, as a general rule, with some exceptions not necessary to be considered here (*Pollard* v. *Moore*, 51 N. H. 188, *Fulford* v. *Converse*, 54 N. H. 543), may be exercised at any time before the case is opened to the jury. *Judge of Probate* v. *Abbot*, 13 N. H. 21; *Caverly* v. *Jones*, 23 N. H. 573; *Wright* v. *Bartlett*, 45 N. H. 289; *Farr* v. *Cate*, 58 N. H. 367; *Benton* v. *Bellows*, 61 N. H. 107. The appellee by neglecting to appeal, and the appellant by failing to prosecute his appeal, admitted the damages as found by the commissioners, and in effect assented to judgment on the award. *Knox* v. *Lermond*, 3 Me. 378, 379.

The award of the commissioners was merely suspended by the appeal. The effect of a simple appeal from one common-law court to another, under our statute, is to vacate the judgment appealed from, but leave the cause, with all its incidents, precisely as it stood before the rendition of that judgment. Hence it was held in *Stalbird* v. *Beattie*, 36 N. H. 455, that an appeal from the court of common pleas to the supreme court did not avoid the report of an auditor; but the supreme court, if a jury trial were not had, would give such judgment thereon as the common pleas would have given. In the present case, no judgment had been ordered on the report of the commissioners. The award, like the auditor's report in *Stalbird* v. *Beattie*, was not avoided by the appeal, and, there being no assessment of the damages by a jury, judgment was properly ordered upon the award. A judgment vacated by an appeal still subsists as a foundation for a judgment of affirmation. *Baker* v. *Merrifield*, 13 N. H. 357, 359; *Clarke* v. *Manchester*, 56 N. H. 502, 506, 507. If the damages must necessarily be assessed by a jury after an appeal has been taken, a town can insist upon an assessment of damages by a jury for land taken for a highway, in case a landowner abandons his appeal, although the town has no right under the statute to an assessment by a jury.

In the case of land taken for a railroad, either party may appeal. An appeal by both parties does not necessitate two suits. When both parties appeal, the fact is stated in the record, but both appeals need not be separately entered and prosecuted. *Davidson* v. *Railroad*, 3 Cush. 91, 101.

*Exceptions overruled.*

BLODGETT, J., did not sit: the others concurred.