IN RE CONDEMNATION of PROPERTY in EAST PARK DISTRICT under Ordinance 11803, Kansas City, Missouri, Respondent, v. E. F. DOUGHERTY ET AL., Appellants, No. 42218—237 S. W. (2d) 118.

Court en Banc, February 12, 1951.

Rehearing Denied, March 12, 1951.

*C. W. Prince* and *Wm. Dennis Bush* for appellants.

*David M. Proctor*, City Counselor, and *Benj. M. Powers*, Associate City Counselor, for respondent.

[119] ELLISON, J.—This case comes here on transfer from the Kansas City Court of Appeals under Sec. 10, Art. V, Const. Mo. 1945. The opinion of that court is reported in 231 SW. (2d) 849. It was a proceeding in the circuit court brought by Kansas City in May, 1948, under Art. VI of its Charter [1946 Revision] for the condemnation of lands owned by the defendants-appellants, and others, for public park purposes. In the assessment of appellants' damages for the appropriation of their lands the cause was tried to a jury of six freeholders in conformity with Sec. 128 and several subsequent sections of the City Charter.

In their exceptions to the assessment report of the six freeholders—which exceptions the trial court overruled—appellants raised for the first time the point that their damages should have been assessed by a common law jury of twelve persons under a recently enacted statute, Laws Mo. 1945, p. 1072. And that is the sole issue on this appeal. The statute broadly provides: "Any plaintiff or defendant, individual or *corporate,* shall have the right of trial by jury of twelve (12) persons, if either party file exceptions to the award of commissioners in any condemnation case." [Italics ours]

The ultimate point for determination is whether this statute is controlling as against the requirement in Kansas City's Charter of a jury of six freeholders, when the question is viewed in the light of several provisions of our Constitution. For the last 75 years the basic sections thereof concerning eminent domain proceedings have been Sec. 21, Art. II, Const. Mo. 1875 and Sec. 26, Art. I, Const. Mo. 1945, both of which provide: "That private property shall not be taken or damaged for public use without just compensation. Such compensation shall be ascertained by a jury *or* board of commissioners of not less than three freeholders, in such manner as *may be provided by law* * * *." [Italics ours. The word "prescribed" was used instead of "provided" in the 1875 Constitution].

832

There is only one Constitutional exception forbidding the alternative use of a board of freeholders in eminent domain proceedings if it is so provided by law. Sec. 4, Art. XII, Const. Mo. 1875 and Sec. 4, Art. XI, Const. Mo. 1945 have always provided, in part, that when the property and franchises of *"corporations"* [the earlier section said "incorporated *companies"*] are subjected to public use under the right of eminent domain, "the right of trial by jury shall be held inviolate" in all trials of claims for compensation. The words just quoted are practically the same as those in [120] the opening clause of Sec. 22, Art. I, Const. Mo. 1945, Sec. 28, Art. II, Const. Mo. 1875 dealing with common law juries of twelve members in ordinary civil and criminal cases in courts of record. And they do require a jury of twelve members in condemnation proceedings affecting *"corporations"*, as held in a number of decisions.

But we think the word "corporation" as used in said Sec. 4, Art's XII and XI, in the respective Constitutions clearly refers to private or business corporations, and not to *municipal* corporations. A well settled distinction exists between the two. City of Webster Groves v. Smith, 340 Mo. 798, 800(1), 102 SW. (2d) 618, 619(1); 9 Words & Phrases (Perm. Ed.) 712. And as just pointed out this Sec. 4 in the 1875 Constitution specified an incorporated *company*—not a city or town. The fact is further evident from the provisions of the preceding Sections 1 and 2 of the same Art. XI, Const. Mo. 1945 [and the corresponding sections in Const. Mo. 1875]. Sec. 1 provides the term corporation as there used, "shall be construed to include all joint stock companies or associations having any powers or privileges not possessed by individuals or partnerships." This obviously cannot be construed to refer to municipal corporations. And Sec. 2 provides: "Corporations shall be organized only under general laws. No corporation shall be created, nor shall any existing charter be extended or amended by special law * * *." In our view this Section 2 likewise refers only to private or business corporations, and is designed to promote uniformity in their organization and to prevent discrimination through special legislation.

It is true Art. IX, Sec. 7, Const. Mo. 1875 and Art. VI, Sec. 15, Const. Mo. 1945, similarly require the General Assembly to provide by general laws for the organization and classification of cities and towns into classes not exceeding four. And thereby most municipal corporations also are brought under general laws. But Art. IX, Sec's 16 and 17, Const. Mo. 1875, and Laws Mo. 1921, p. 701, empowered any city having a population of more than 100,000 inhabitants to frame, adopt and amend in a prescribed manner a *special* charter for its own government, "consistent with and subject to the Constitution and *laws* of the state." [Italics ours]. It did *not* say the *general* laws. And Art. VI, Sec's 19 and 20, Const. Mo. 1945,

in identical language authorize cities of more than 10,000 inhabitants to frame, adopt and amend a special charter for their own government.

When the Constitution of 1875 was adopted Kansas City and St. Louis were the only cities in the State having a population exceeding 100,000. Both have always operated under special charters. From the beginning the Kansas City Charter has required a jury of six freeholders (or householders) in eminent domain proceedings.[1] And that provision has always been regarded as part of the City's organic law.[2] Up to now a common law jury has not been deemed necessary in such proceedings, under numerous decisions.[3]

It is true that when a city belongs in one of the four classes created by the Legislature under direction of Art. IX, Sec. 7, Const. 1875, Art. VI, Sec. 15, Const. 1945, supra, and therefore is subject to the *general* laws of the State, then a statute requiring [121] a jury of twelve persons in eminent domain proceedings will be binding upon it. St. Joseph v. Geiwitz, 148 Mo. 210, 216-7(3), 49 SW. 1000(3). A number of Missouri statutes so requiring are cited in Mallette v. U. S., 137 Fed. (2d) 95, 97.

One of these is Sec. 7376, R. S. 1939, Mo. R. S. A., which, under Sec. 7373, R. S. 1939, Mo. R. S. A. is applicable to *all* cities and towns, and therefore would include both classified and special charter cities. But the proceeding there is not in eminent domain. It does not contemplate the *taking* of private property for public use, but only the collection of consequential damages to property not taken, occasioned by changing the grade or lines of an abutting street or alley or the construction of a public improvement. And the special remedy afforded thereby may be invoked even after the damage has been done. Markowitz v. Kansas City, 125 Mo. 485, 28 SW. 642, 46 A. S. R. 498; Blackwell v. City of Lee's Summit, 326 Mo. 491, 498-9 (2, 3), 32 SW. (2d) 63, 66 (3, 4).

---

[1] Laws Mo. 1852-3, Art. II, p. 244, referring to and adopting Art. VI, Sec. 2, St. Joseph Charter, Laws Mo. 1850-1, p. 93; Laws Mo. 1875, Art. VII, Sec's 1 and 4, pp. 244, 246; Kansas City Charter, 1889, p. 66, Sec. 1; Charter, 1909, p. 252, Sec. 1; Charter 1925, p. 148, Sec. 128.

[2] City of Kansas City v. Hill, 80 Mo. 523, 534-5(1); State ex rel. Kansas City v. Field, 99 Mo. 352, 12 SW. 802; Kansas City v. Marsh Oil Co., 140 Mo. 458, 464-473(2, 3), 41 SW. 943, 947(2, 3); Troost Ave. Cemetery v. Kansas City, 348 Mo. 561, 570(2), 154 SW. (2d) 90, 95(3).

[3] Kansas City v. Vineyard, 128 Mo. 75, 79-80(4), 30 SW. 326, 327(2, 3); Kansas City v. Smart, 128 Mo. 272, 290-2 (7, 8), 30 SW. 773, 777-8(5); Kansas City v. Marsh Oil Co., supra; 140 Mo. 1. c. 472, 41 SW. 1. c. 947; Tremayne v. St. Louis, 320 Mo. 120, 137(4), 6 SW. (2d) 935, 941-2(7, 8, 9); St. Louis v. Smith, 325 Mo. 471, 476-8(2, 3), 30 SW. (2d) 729, 731(2-4); St. Louis v. Schopp, 325 Mo. 480, 484(2), 30 SW. (2d) 733, 734(2); State ex rel. St. Louis v. O'Malley, 343 Mo. 658, 665(3), 122 SW. (2d) 940, 943(4).

Appellants invoke four decisions[4] of this court. None of them involved the issue presented here. In the first, or Rothrum, case the relator, a Kansas City fireman, sued the fiscal officials in mandamus to compel payment of his back salary for a stated period, notwithstanding he had signed under coercion of the City Manager false applications for leaves of absence without pay covering the same period, when in fact he had worked throughout. The decision held the power of fixing the fireman's salary was a legislative function vested solely in the City Council and that the City Manager had no authority to reduce it.

The second, or J. I. Case, decision involved the validity of an occupation tax levied on the defendant by Kansas City on a floor space basis, in violation of a State statute which permitted such taxes only on an annual sales basis. The City asserted the power to levy the tax under its Special Charter. The decision held the power to tax is a governmental function inherent in the State, but conceded it is often difficult to determine the border line between State governmental functions and similar corporate functions of municipal corporations under their Special Charters. This is the decision chiefly relied on by appellants.

The third, or Reynolds-Jost, case was in mandamus to compel the mayor and council of Kansas City to appropriate the amount budgeted by the Board of Police Commissioners under the statute for maintenance of the metropolitan police force of the city for one year. This court held the exercise of the police power is a matter of State concern and that it was the mandatory duty of the City to appropriate the amount necessary to support the police force though operated by a board of police commissioners appointed by the Governor. However this decision quoted with approval from another, State ex rel. Goodnow v. Police Com'rs, 80 Mo. App. 206, 215 [affirmed 184 Mo. 109, 132, 71 SW. 215, 220], pointing out that in matters of purely municipal concern, the provisions of the Kansas City Charter supersede the state law on the same subject, as in eminent domain proceedings, citing the Field case and the Marsh case, supra.[2]

The Meyer case, supra,[4] last cited by appellant here, reversed a decision of the lower court convicting the defendant of peddling agricultural products in St. Louis in violation of the City's Municipal Code. But the Code provision was in conflict with a State statute exempting such products, now Sec. 14608, R. S. 1939, Mo. R. S. A.

In our opinion these four decisions invoked by appellants do not overturn [or intend to do so] the ten decisions. earlier cited, [2, 3]

[4]State ex rel. Rothrum v. Darby, 345 Mo. 1002, 1013(4), 137 SW. (2d) 532, 537(5-7); Kansas City v. J. I. Case Threshing Machine Co., 337 Mo. 913, 922 (2), 926(3, 4), 87 SW. (2d) 195-203 (5-11); State ex rel. Reynolds v. Jost, 265 Mo. 51, 68(3), 71(4), 175 SW. 591, 593-5(2-3); St. Louis v. Meyer, 185 Mo. 583, 591, 84 SW. 914, 917.

holding that a jury of six freeholders, as provided in the Kansas City [122] Charter, is sufficient to meet the requirements of the Constitution in eminent domain proceedings. This is true except where a private or business corporation is a party, in which event a 12 man jury is necessary under Art. XI, Sec. 4, Const. Mo. 1945, and also where the statutory charters of cities require a jury of twelve persons. However the effect of the 1945 statute set out near the beginning of this opinion, on which appellants also rely, should be considered. That statute does provide that any plaintiff or defendant, individual or *corporate,* shall have the right of trial by a jury of twelve persons, if either party file exceptions to the award of commissioners in any condemnation case. We think the word ''corporate'' in this new statute means no more than does the word ''corporation'' in Art. XI, Sec. 4, Const. Mo. 1945. That is to say both words refer to private or business corporations, and not to municipal corporations. That the General Assembly did not intend by the new statute to depart from the provisions in the special charters of cities is shown by the last legislative pronouncement on the subject, Sec. 88.073(2), 1 Mo. R. S. 1949, which provides as follows:

''2. Whenever the charter of any constitutional charter city makes provision for the condemnation of property for public purposes and assessment of benefits therefor, such city may elect to proceed with such condemnation or assessment, or both, in the manner provided in sections 88.010 to 88.070 or to proceed in the manner provided in its charter.''

For the reasons stated the judgment of the circuit court is affirmed. *Hyde, C. J.,* and *Leedy, J.,* concur; *Dalton, J.,* concurs in result in separate opinion filed; *Conkling, Tipton* and *Hollingsworth, JJ.,* concur in result and in separate opinion filed by *Dalton, J.*

DALTON, J.—I concur only in the result reached by Ellison, J., in the above opinion.

In this case individual defendants filed exceptions to an award of commissioners in a condemnation case instituted by Kansas City and requested an assessment of damages by a common law jury. The request was filed on May 4, 1949 and denied on May 13, 1949. Exceptors relied on Laws 1945, p. 1072, Sec. 1508. 1 Mo. R. S. A., now Sec. 523.060 R. S. 1949. At the time the 1945 Act became effective, Sec. 4, Art. XI, Const. Mo. 1945 provided that ''the right of trial by jury shall be held inviolate in all trials of claims for compensation, when the rights of any *corporation* are affected by any exercise of said power of eminent domain.'' (Italics ours). Also, at that time a trial of exceptions to an award of damages in a condemnation case before a common law jury was denied to *individual defendants* only in cities where by judicial decisions the charter provisions had been allowed to supersede the general law. (See cases cited in opinion

by Ellison, J.) We, therefore, construe the passage of the 1945 Act as evidencing an intent that all *individual* defendants throughout the state (including those in charter cities) should have the same right to a jury trial in a condemnation case that the constitution then granted to corporate defendants. If the 1945 Act did not apply to *individual* defendants in condemnation cases in charter cities it accomplished no purpose. On this appeal only individuals are complaining about being denied such a jury trial. However, since the denial of a trial before a common law jury on the issue of damages in this case, the legislature has now passed another act or revision bill which must be read and construed with Sec. 523.060, supra, towit, Sec. 88.073 R. S. 1949 (Sec. 7240 R. S. 1939, as amended in 1949 by H. B. 2036) which became effective on April 14, 1950.

In this situation, if the judgment in this cause should be reversed and the cause remanded appellants (who were the individual defendants and exceptors in the cause below) would not now be entitled to a trial before a common law jury. I, therefore, concur only in the result reached in the opinion of Ellison, J.