**STATE ex rel. STATE HIGHWAY COM-
MISSION**

v.

**KIMBERLIN, Judge.**

No. 21993.

Kansas City Court of Appeals.

Missouri.

April 5, 1954.

Robert L. Hyder, Wilkie Cunnyngham, Jefferson City, for relator.

Gayles R. Pine, Warrensburg, for respondent.

BROADDUS, Judge.

This is an original proceeding in prohibition wherein relator sought to prohibit the Honorable James R. Garrison, Judge of the Circuit Court of Johnson County, from compelling the parties to go to trial before a jury in a condemnation case after the withdrawal of the only exceptions which were ever filed to the commissioners' award by the party filing said exceptions.

Upon the filing of the petition for the writ we issued our preliminary rule. Respondent made his return and relator filed its motion for judgment on the pleadings.

After submission of the cause Judge Garrison died, and, under Section 507.100, subdivision 5, RSMo 1949, V.A.M.S., The Honorable William M. Kimberlin, his successor, has been substituted in his stead.

The facts stand undisputed and are: On September 23, 1952, relator, State Highway Commission of Missouri, filed in the Circuit Court of Johnson County its condemnation petition through which it sought to ascertain the just compensation, if any, payable to the owners of four tracts of land claimed by four separate groups of defendants. Respondent set the date for hearing said petition as of October 6, 1952. On that date, Audry Winford McMurphy and Dorothy Maud McMurphy (two of the five defendants named as claiming interests in the land described in paragraphs 10 to 10.13 of the petition) appeared by their attorney and filed their separate answer.

On said October 6, 1952, respondent appointed three distinterested freeholders, residents of Johnson County, as commissioners to ascertain and report the just compensation, if any, to which the several groups of defendants were respectively entitled in consequence of the construction and maintenance of State Highway 50 over their land. On the same day, said commissioners took the required oath, viewed the several tracts of land described in the petition, and filed with the Clerk of said Court their report, in which they awarded $2,000 as the just compensation to which the defendants Audry Winford McMurphy, Dorothy Maud McMurphy, Carl R. Foster, Jean Turnbull Foster and M. C. Draper, Jr., trustee, were entitled for the lands or interests described in paragraphs 10 to 10.13 of said condemnation petition.

Thereafter, the Clerk of said Court (1) prepared a notice of the filing of the report of the commissioners directed to each of

said defendants and notifying them of the fact and date of the filing of said report and (2) delivered copies thereof to the Sheriff of Johnson County; and said Sheriff on October 10, 1952, delivered to each of said defendants a copy of said notice of the filing of the report, and on October 13, 1952, filed in said cause his return showing said service.

Thereafter, on October 14, 1952, relator filed in said Clerk's office its exceptions to the commissioners' report. But said defendants *did not* file any exceptions in said cause.

Thereafter, relator paid to the Clerk of said court for said defendants the $2,000 award and, on April 23, 1953, filed its written dismissal of exceptions, stating: "Comes now the plaintiff in the above entitled cause and dismisses its exceptions to the award of Commissioners to the defendants Audry Winford McMurphy, Dorothy Maud McMurphy, Earl R. Foster, Jean Turnbull Foster, and M. C. Draper, Jr., for land described in the petition in paragraphs 10 to 10.13 inclusive."

Thereafter, on May 5, 1953, relator's right to dismiss its exceptions was taken up and respondent held that once a party had filed exceptions, said party cannot thereafter withdraw or dismiss them, and respondent made and entered an order overruling relator's motion to dismiss its exceptions, and announced that the question of just compensation, if any, due said defendants would be submitted to a jury. Following that holding and announcement relator asked us to issue a writ prohibiting respondent from proceeding further in said cause.

In the exhaustive brief filed by able counsel for relator they point out that for many years in Missouri it has been the common practice in condemnation cases for one or both parties to withdraw or dismiss the exceptions to the commissioners' report and request for a new appraisement by a jury, which they had previously filed. This practice is illustrated in Chicago, S.

F. & C. Ry. Co. v. Eubanks, 130 Mo. 270, 271, 32 S.W. 658, 659, where the opinion says "at the second trial thereof before a jury, plaintiff, at the close of its testimony, withdrew its exceptions to the commissioners' report."

Despite this widespread practice, apparently only one other case ever reached our appellate courts raising any question concerning it. That case was State ex rel. State Highway Commission of Missouri v. James, Mo.App., 115 S.W.2d 225, 226. There, just as in the instant case, relator had filed exceptions to the commissioners' award, but the landowners had not. A jury was empaneled in the Circuit Court. After all the testimony had been heard, but "before the case was submitted to the jury, the State Highway Commission filed a motion praying leave to dismiss its exceptions to the report of the commissioners insofar as said exceptions related to the land of Wilson R. Brown and Allie Brown, and others." Thus, even at that late stage, the trial judge allowed the exceptions to be dismissed, but attempted to do so on condition that the State Highway Commission pay to the landowners a $75 attorney's fee. The opinion says:

"We are of the opinion that the trial court had no authority to make such an allowance a condition precedent to the dismissal of the exceptions of the state highway commission before the case was submitted to the jury. The discontinuance of litigation is favored by the courts, and when one of the litigants wants to quit and his quitting and retiring from the field of controversy will end the litigation, the courts should not erect a barrier against such action."

Respondent in his brief says that the interpretation to be placed upon Section 523.060 RSMo 1949, V.A.M.S. (L.1943, p. 623, amended L.1945, p. 1072 by striking out the word "men" and inserting in lieu thereof the word "persons") is determinative of the instant case. That section is as follows: "Any plaintiff or defendant, individual or corporate, shall have the right of

trial by jury of twelve persons, if either party file exceptions to the award of commissioners in any condemnation case."

Respondent believes it was the intention of the Legislature, by the passage of this Act, to change the existing condemnation procedure so that, since then, if a party files timely exceptions to an award by condemnation commissioners and requests a jury trial (as relator did here), (1) a new appraisement of damages is mandatory upon the court, (2) such party can never thereafter dismiss or withdraw its exceptions and request for a jury trial, and (3) this is required by the Act regardless of whether the adverse party ever does anything at any time. He stresses the fact that State ex rel. State Highway Commission of Missouri v. James, supra, was decided "long prior to the enactment of Section 523.060, and could not be controlling in this case."

Respondent says that under Section 523.050, and prior to the enactment of Section 523.060, either party desiring a trial by jury in a condemnation case was required to file his exceptions to the commissioners' report and also demand a trial by jury, "all within 10 days period, following filing of the report of the commissioners"; but by the enactment of Section 523.060, either party may file exceptions to the commissioners' report "in which event a new appraisement of damages is mandatory upon the court. This section of the statute uses the word 'shall' have the right of jury trial, the sole condition being, 'if either party file exceptions' ".

Of course, Section 523.050 (in the corporation procedure under which the Eubanks and James cases, supra, were brought) used the mandatory word "shall". For many years it has said: "Such new appraisement *shall, at the request of either party,* be made by a jury, under the supervision of the court, as in ordinary cases of inquiry of damages; * * *." (Emphasis ours.)

Respondent seems to concede that under Section 523.050, and before the passage of the 1943 (amended 1945) act, a party who had within 10 days filed exceptions requesting a new appraisement could, and under the common practise all over the State frequently did, dismiss or withdraw those exceptions; and that, when there were no longer any exceptions pending, a new appraisement was no longer mandatory, either by a 12-man jury or otherwise. Was it the intent of the Legislature in 1943 to amend Section 523.050 by adding a provision that exceptions, once filed, could never be withdrawn? We think not. We think the only thing the Legislature intended was that if there should be a new appraisement in any condemnation case, any individual, as well as a corporation, may demand that it be by a "jury of 12 persons." And this is the interpretation of the Supreme Court *en Banc* in re East Park District v. Dougherty, 361 Mo. 829, 237 S.W.2d 118, 122. The separate opinion of Judge Dalton in that case, which had the approval of the majority of the Court said:

"We, therefore, construe the passage of the 1945 Act as evidencing an intent that all individual defendants throughout the state (including those ·in charter cities) should have the same right to a jury trial in a condemnation case that the constitution then granted to corporate defendants. If the 1945 Act did not apply to individual defendants in condemnation cases in charter cities it accomplished no purpose."

Certainly before a party can complain that he has been deprived of his right to a jury trial in a condemnation case, he must show that he exercised sufficient concern and diligence in preserving this right by filing, within 10 days after the notice of the commissioners' award, a request for a new appraisement. He cannot demand that his adversary preserve this right for him by either (1) filing exceptions within the 10-day period, or (2) keeping exceptions on file.

Our provisional rule in prohibition should be made absolute. It is so ordered.

All concur.