Richard INGLIMA, Luned Inglima, Jack English, Susan English, and Tyndle M. Lipke, Appellants,

v.

ALASKA STATE HOUSING AUTHORITY, Appellee.

No. 1050.

Supreme Court of Alaska.

Jan. 2, 1970.

---

Clifford J. Groh and William A. Greene of McCutcheon, Groh & Benkert, Anchorage, for appellants.

Clayton J. Parr and Warren W. Matthews, Jr., of Burr, Pease & Kurtz, Anchorage, for appellee.

Before DIMOND, RABINOWITZ and CONNOR, JJ., and LEWIS, Superior Court Judge.

## OPINION

CONNOR, Justice.

This case centers on the nature of an appeal from a master's determination of just compensation in an eminent domain proceeding.

On August 16, 1965, and on December 20, 1965, appellee filed condemnation proceedings, later consolidated, to acquire parcels of land owned by appellants in

Seldovia, Alaska, in order to carry out an urban renewal project occasioned by the 1964 Alaska earthquake. A master's hearing was held in November of 1966, and his report was filed in December of that year.

The total amount deposited in court by appellee for all parcels came to $119,950. The total amount of the master's awards came to $164,225.

Appellee filed timely notices of appeal in January of 1967. Appellants did not file notices of appeal. A pre-trial conference was held in January 1968, and the cases proceeded to trial in the superior court on July 8, 1968, at Homer, Alaska. This was some eighteen months after the filing of the master's report. The jury was selected during the week of July 8, 1968, and appellants appeared on July 15, 1968, for the commencement of the trial proper. On this day appellee filed notices of dismissal as to all of its appeals from the master's award. Appellants filed a memorandum and presented argument against allowing the dismissal. On the following day the court took the question of dismissal under advisement, but ordered the trial to proceed.

At the close of trial the jury rendered verdicts which as to each parcel were higher than the master's awards, the total amounting to $211,000. After hearing further arguments, the court allowed the appellee's dismissals and entered judgment for the amounts of compensation awarded by the master.

Appellants assert that appellee does not have an absolute right to dismiss its appeal from the master's awards without the consent of appellants, who filed no notice of appeal on their own behalf. They urge that the right to a jury trial vested in both parties to the eminent domain proceeding when either party filed a notice of appeal pursuant to Rule 72(h) (4) and (5), Rules of Civil Procedure.[1]

1. Rule 72(h) (4): "A party who has appeared or answered before the filing of a master's report may appeal within ten (10) days after being served with notice of the filing of the master's report. Any other interested person desiring to appeal from a master's report must take his appeal within ten (10) days after the filing of such report."

The trial court apparently agreed with appellee that it had a right to dismiss without the consent of the appealing party, either because appellants' failure to appeal from the master's awards amounted to a waiver of the right to a jury trial or because under Rule 41(a) (2), Rules of Civil Procedure, the court could order dismissal of the action by the condemnor, without the consent of the condemnees, upon such terms as the court might deem proper. It is argued that this would put appellants in the position they wanted to be placed in, as shown by their lack of appeal from the master's awards and their apparent satisfaction with those awards. It is possible that the trial court was also influenced by the widely accepted rule that an appellant may, before submission of a case, dismiss its appeal without the consent of its opponent, who has taken no cross-appeal, unless the opponent is prejudiced by the dismissal.

The statute which governs generally the rights of the parties upon appeal from a master's award is AS 09.55.320, which provides:

"An interested party may appeal the master's award of damages and his valuation of the property, in which case there shall be a trial by jury on the question of the amount of damages and the value of the property, unless the jury is waived by the consent of all parties to the appeal."

Appellants argue that once an appeal is taken the statute grants a right to jury trial to all parties, particularly when one considers the phrase "unless the jury is waived by the consent of all parties to the appeal." Because the statute makes mandatory a jury trial, absent a waiver, it is urged that the appeal from the master's award is an appeal in name only and that the proceeding after appeal should be regarded as any ordinary civil action in which a party has a right to a jury trial. Appellants point out that there is no transfer of the cause from one tribunal to another, as the action is brought originally in the same superior court in which, after appeal from the master's award, the jury trial is held. Discovery before trial, motions, and pre-trial proceedings occur in these cases just as in any civil action. When the case is tried to the jury, the entire evidence is presented anew without reference to what was placed before the master. The proceeding before the jury is truly de novo in nature.

Appellants' position is supported by City of Wellington v. Miller, 200 Kan. 651, 438 P.2d 53 (1968). There, under a statute similar to our own,[2] the condemnor dismissed its appeal over the objection of the owners. The court held that the statute serves as a cross-appeal by operation of law for all interested parties, and that the appeal cannot be dismissed without the consent of all other parties.[3]

Rule 72(h) (5): "A party or other interested person may appeal from the master's report by filing with the clerk a notice of appeal in duplicate, with sufficient additional copies for all parties who have appeared or answered. The notice of appeal shall contain the following: [a] The title of the action. [b] The names of the parties taking the appeal. [c] The master's report or part thereof appealed from and the date of its filing. [d] The name of the court to which the appeal is taken. [e] A concise statement of the grounds of appeal. * * *"

2. The pertinent parts of the Kansas statute, K.S.A. 26–508, read as follows:
"If the plaintiff, or any defendant, is dissatisfied with the award of the ap-

praisers, he may, within thirty (30) days after the filing of the appraisers' report, appeal from the award by filing a written notice of appeal with the clerk of the district court. An appeal by the plaintiff or any defendant shall bring the issue of damages to all interest in the tract before the court for trial de novo. The appeal shall be docketed as a civil action and tried as any other civil action: Provided, however, The only issue to be determined therein shall be that of just compensation to be paid for the land or right therein taken at the time of the taking and for any other damages allowable by law."

3. See also State by State Highway Commissioner v. Stark, 95 N.J.Super. 152, 230 A.2d 184 (1967).

In opposition appellee urges that the right to jury trial in eminent domain proceedings is not absolute but is conditioned on compliance with Rule 72(h) (4) and (5), requiring that a party file an appeal within ten days from receiving notice of the master's report. It is argued that failure to file an appeal should result in a waiver of the right to jury trial and that one who has taken no steps to preserve his interests should not complain if his adversary decides to abandon the appeal. Rule 72(h) (5) requires that the notice of appeal state the part of the master's report appealed from and a concise statement of the grounds of appeal. From this appellee reasons that this court, in promulgating the rule, recognized that appeals from the masters' reports have the attributes of other appeals, which may be dismissed in certain instances without the consent of the opponent. Appellee's position is supported by the decisions in State by State Road Commission v. Boggess, 147 W.Va. 98, 126 S.E.2d 26 (1962); State ex rel. State Highway Commission v. Kimberlin, 267 S.W.2d 51 (Kan.City App., Mo.1954); Short v. State Highway Commission, 151 Okl. 85, 1 P.2d 676 (1931), and Upper Coos R. Co. v. Parsons, 66 N.H. 181, 19 A. 10 (1889). These cases stress that rights, such as jury trial, which are an incident of the appeal should accrue only to the one who has taken the appeal, and that one claiming the benefit of these rights should show diligence in preserving them, by himself filing an appeal within the prescribed period. To some extent these cases are distinguishable.

In State by State Road Commission v. Boggess, supra, the statute required the actual filing of a demand for jury trial by either party. The Alaska statute grants a jury trial to any party and without the necessity of any action or demand by the passive party to the proceeding once the appeal has been taken by any party. State ex rel. State Highway Commission v. Kimberlin, supra, does indeed hold, under a statute similar to our own, that the non-appealing party cannot object to dismissal. But the authority for that decision is an older case, State ex rel. State Highway Commission v. James, 115 S.W.2d 225 (Mo. App.1938), which concerned the imposition of an attorney's fee as a condition of dismissal in a case where the owners did not otherwise object to the action of the condemnor. That case did not concern the right to jury trial.

Short v. State Highway Commission, supra, sustains appellee's position. But it construes a statute that permitted either party to a condemnation proceeding to file a demand for a jury and to prosecute further proceedings for the determination of compensation. The court held that the non-appealing party had no right to claim a jury trial based upon the demand made by the dismissing party. Upper Coos R. Co. v. Parsons, supra, stresses mainly the appellate nature of the proceeding and seems to rely on the common law rule that a party could choose to have himself nonsuited at any time before final submission of his cause to the jury. We find none of these cases determinative of the one before us.

■ Appellee argues that under Civil Rule 41(a) (2) the trial court could regard the dismissals as matters to be determined within its discretion and to be granted on such terms as it might think proper.[4] We do not think that reliance on that rule is well placed.

Appellants are arguing that the statute creates a right to jury trial by operation

---

4. Rule 41(a) (2) provides as follows: "Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

of law. If this is so, then the situation is the same as if a counterclaim had been filed by appellants. Rule 41(a) (2) would not operate to justify the dismissals, as appellants' claim for relief would still stand and require adjudication.

In resolving the question presented we are influenced by the precise language of the statute and by the peculiar nature of eminent domain proceedings.

The statute is not totally free of ambiguity, as one could read it as implying that only at the instance of the appealing party shall there be a trial by jury. But one can also read it as commanding that once an appeal is taken by any party there shall ensue a jury trial unless the jury is waived. By such a reading either an owner or his counsel might reasonably conclude that the filing of a cross-appeal is unnecessary when the condemnor has filed an appeal from the master's report.

Once an appeal is taken from a master's report the opponent is placed in the position of any other party to a contested civil action. He may be called upon to make discovery, engage in motion practice, and prepare for trial. He must plan for the presentation of evidence. In whatever manner the burden of proof may be distributed in a condemnation case, the owner bears at least some burden if he is to hope for success. For what type of trial should he be expected to prepare? According to the statute it is a trial by jury.

The proceeding before the master may be relatively informal. It is conceivable, especially when the arguable property value is within a low range, that an owner might not seek counsel until after the master's award and an appeal by the condemnor. An owner might well rely on the statutory language as a guaranty of jury trial in the event that an appeal is taken. The meaningfulness of the right to jury trial is illustrated by the events in the case before us. What an owner might be willing to accept as a master's award is not necessarily what he might justly expect after being put to the pain of discovery and preparation for jury trial.

In eminent domain cases the owner must part with his property against his will. If he succeeds in the master's proceeding in establishing a value higher than the condemnor's offer, the condemnor may well take an appeal. The owner's position at that point is of one who has incurred a detriment, unwillingly, because he must go forward with the litigation. He may have to hire real estate appraisers at great expense and risk to himself and incur other expenses.

We believe that the legislature intended in these circumstances that the owner against whom appeal is taken is entitled to look forward to a jury trial as a matter of right, even though he may be the passive party. We are persuaded by the argument that the proceedings after the master's report are an appeal in name only and that the right to a jury trial vests by operation of law in all parties to the appeal. It seems to us unfair that an owner can be put to the emotional and economic distress of preparation for a jury trial but not receive the benefits of it. Although the point is a close one, any ambiguity in the statute should be resolved in favor of the owner where the language is capable of that result by a reasonable reading of its terms.

It may be argued that condemning authorities are not always aware of deficiencies in their cases at the time an appeal is taken from the master's award, and that condemnors, later becoming aware of mistakes in valuation, should be able to concede their errors and revert to the master's valuation by dismissing the appeal. But this should pose no genuine problem. The condemnor can always attempt settlement negotiations or make a formal offer of judgment like any other litigant in a civil action. In such instances it should not be necessary to go all the way through jury trial in order to see that justice is done.

The case is reversed and remanded with directions that judgment be entered on the verdicts of the jury.

NESBETT, C. J., not participating.