**Lloyd J. REBISCHKE, S. F. Rebischke, Jerome O. Rebischke and Lawrence L. Rebischke, Petitioners,**

v.

**STATE of Alaska, Respondent.**

**No. 3553.**

Supreme Court of Alaska.

Dec. 23, 1977.

George M. Kapolchok, Joseph L. Young, Atkinson, Conway, Young, Bell & Gagnon, Anchorage, for petitioners.

Ross A. Kopperud, Asst. Atty. Gen., Anchorage, and Avrum M. Gross, Atty. Gen., Juneau, for respondent.

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR, BURKE and MATTHEWS, Justices.

## OPINION

BOOCHEVER, Chief Justice.

The Rebischke family [1] leased 8.03 acres from the State of Alaska in the vicinity of Eagle River. The Rebischkes improved the land, placed a restaurant and motel on a part of the property, and subleased that portion to the Prices and Dawsons. [2]

On November 7, 1974, the state condemned the leasehold property and the improvements and deposited $164,973.00 as compensation for the taking of the improvements. The state contended that the leasehold itself had no compensable value. When the Rebischkes objected to the valuation of the improvements as well as to the designation that the leasehold had no value, a master was appointed and hearings were held in January and October of 1975. The master's report concluded that the Rebischkes were entitled to $288,130.00 for the taking of their improvements but agreed with the state's position that no compensation was due for the leasehold interest.

The Rebischkes then filed an appeal from the part of the master's award which denied them compensation for the leasehold. [3] They specifically appealed "from that part of the Report of Master . . . which denies compensation for said Defendants' leasehold interest in the condemned property." The Rebischkes stated as their grounds for appeal "that the Master erred as a matter of law in determining that said Defendants were not entitled to just compensation for the taking of their leasehold interest."

The Prices and Dawsons filed a notice of appeal without specifying that the appeal was to be limited to the question of the value of the leasehold. However, in the superior court hearing, they stated through counsel that they had never claimed an interest in the improvements but sought only an appeal on the value of their interest in the leasehold.

The Rebischkes moved for partial summary judgment against the state on the issue of compensation for the taking of the improvements. The superior court denied the motion for partial summary judgment, finding that, upon the filing of a notice of appeal by the Rebischkes, all parties had the right to anticipate a jury trial on all issues. This petition for review followed. [4]

AS 09.55.320 provides:

---

1. Lloyd J. Rebischke, S. F. Rebischke, Jerome O. Rebischke and Lawrence L. Rebischke.

2. The master's report indicates that the Rebischkes' lease was for a period of 55 years, terminating in 2018. The lease contained a clause that:

   The Lessor expressly reserves the right to grant easements or rights-of-way across the land herein leased if it is determined to be in the best interests of the State to do so; provided, however, that the Lessee shall be entitled to compensation for all improvements or crops which are damaged or destroyed as a direct result of such easement or right-of-way.

3. In *Wessells v. State*, 562 P.2d 1042 (Alaska 1977), we held that on the taking of a leasehold estate, such as the Rebischkes', the lessee may be entitled to compensation based on the value of the use and occupancy of the leasehold estate for the remainder of the tenant's term, less the agreed rent which the tenant would pay for such use and occupancy. In determining such

damages, if any, the court must consider the state's right to reappraisal.

4. This court granted the petition for review under Appellate Rule 23 which states in part:

   An aggrieved party, including the State of Alaska, may petition this court as set forth in Rule 24 to be permitted to review any order or decision of the superior court, not otherwise appealable under Rule 5, in any action or proceeding, civil or criminal, as follows:

   .    .    .    .    .

   (d) Where such an order or decision involves a controlling question of law as to which there is substantial ground for difference of opinion, and where an immediate and present review of such order or decision may materially advance the ultimate termination of the litigation.
   (e) Where postponement of review until normal appeal may be taken from a final judgment will result in injustice because of impairment of a legal right, or because of unnecessary delay, expense, hardship or other related factors.

*Right to jury trial as to damages and value of property.* An interested party may appeal to the master's award of damages and his valuation of the property, in which case there shall be a trial by jury on the question of the amount of damages and the value of the property, unless the jury is waived by the consent of all parties to the appeal.

Civil Rule 72 provides in pertinent part:

. . . . .

(h)(4) *Appeal and Trial De Novo.* A party who has appeared or answered before the filing of a master's report may appeal within ten (10) days after being served with notice of the filing of the master's report. . . .

(5) *Notice of Appeal.* A party or other interested person may appeal from the master's report by filing with the clerk a notice of appeal in duplicate. . . .
The notice of appeal shall contain the following:

. . . . .

[c] the master's report or part thereof appealed from and the date of its filing.

. . .

The state contends that Civil Rule 72(h)(5)[c] providing that a party may appeal from a master's report "or part thereof" applies only to instances in which more than one parcel of land is taken, an interpretation accepted by the trial court in denying the partial summary judgment.

We interpreted AS 09.55.320 in *Inglima v. Alaska State Housing Authority*, 462 P.2d 1002 (Alaska 1970), in which the condemnor had appealed from the master's report. The condemnee had not appealed. Although the condemnor moved to dismiss the appeal prior to the trial, the trial court took the matter under advisement and allowed the trial to proceed. When a jury verdict was returned in excess of the master's valuation, the trial court granted the condemnor's original motion to dismiss. On appeal

to this court by the condemnee, we held that, when an appeal is taken from the master's report, the right to jury trial extends to the opposing (i. e., non-appealing) party, and the appealing party cannot then dismiss the action.

The state contends that *Inglima* requires that once a party to a condemnation proceeding takes an appeal from a master's report, all parties have a right to rely on that appeal to preserve their right to a trial de novo. The Rebischkes, on the other hand, argue that the case does not control. They contend that what is at issue here is not the right to the trial de novo but the scope of such trial. Their argument is further that no right to a jury trial exists on those issues which have not been preserved by timely filing of appeal from the master's report and that *Inglima* stands merely for the proposition that once either party appeals, the opposing party has a right to a jury trial on those issues which have been appealed.

The Rebischkes argue that the language of Civil Rule 72 contemplates a limited notice of appeal which can always be supplemented by the opposing party through a cross-appeal.[5]

■ The issue thus presented to us is whether an appeal from a master's award may raise only a portion of the issues on which the damages are grounded, or whether the fact of the appeal in and of itself preserves a full jury trial on all issues.

We note first petitioner's failure to cite any authority supporting their contention that they are entitled to sever the legal issues justifying recovery. Nichols in his treatise, *The Law of Eminent Domain*, mentions no precedent for severing issues underlying an award. He mentions "partial decrees" only in the context of the aggrieved landowner who wishes to appeal before the value of other property owners' parcels have been determined.[6]

---

**5.** Civil Rule 72(h)(5) provides in part that "A party or other interested person may appeal from the master's report. . . ."

**6.** Nichols, The Law of Eminent Domain, § 9.04 at 9–7 (Rev. 3d ed. 1976). In addition, Nichols

We have found one case involving an attempt to appeal from a portion of an award other than in a situation where the award applies to multiple parcels. In *Great Northern Ry. Co. v. Fiske*, 54 Mont. 231, 169 P. 44 (1917), a Montana statute authorized condemnation for railroad purposes. Commissioners made findings regarding: (1) the actual value of the property, (2) the severance damages to the condemnees, (3) the benefit from the taking to the portion of the condemnee's property not taken and (4) the cost of cattle guards and fencing. The railroad appealed from portions of the award designated as findings (1) and (3) only. The condemnee moved to dismiss for the reason that the appeal was from certain parts of the award and that the court was without jurisdiction to hear such an appeal. The issue, as here, was whether a party might appeal from certain portions of the award with which he is dissatisfied. The statute in question authorized appeal from "any assessment," and the railroad argued that each finding of the commissioner constituted an assessment. The Montana statute was similar to AS 09.55.320 in providing that the appeal:

> shall be brought on for trial upon the same notice and in the same manner as other civil actions, and unless a jury shall be waived by the consent of all parties to such appeal, the same shall be tried by jury, and the damages to which appellant may be entitled by reason of the appropriation of his property, shall be reassessed upon the same principle as hereinbefore prescribed for the assessment of such damages by commissioners.

The court held that the statute clearly implied not only that the case was to be tried de novo before the jury but also that the trial applied to all the elements which go to make up the damages by reason of the condemnation. The order of the trial court dismissing the attempted appeal from a portion of the award was affirmed.[7]

AS 09.55.320 provides that there shall be a trial by jury "on the question of the amount of damages and the value of the property." The statute does not provide for valuation of separate elements of the property and thus implies that there will be a full re-evaluation.

We believe that Civil Rule 72(h)(5)[c], which specifies that the notice of appeal shall contain "[t]he master's report or part thereof appealed from . . . ," should be construed in harmony with the purport of AS 09.55.320. By referring to the part of the master's report appealed from, the rule contemplates situations where the master's report involves multiple parcels of land. In such situations, the notice of appeal must specify the part of the master's report from which appeal is taken.

This explanation of the meaning of Rule 72(h) is demonstrated by exactly what the Rebischkes have done: they have appealed from that portion of the master's report which pertains to the 8.03 acres for which they held the lease. Apparently, the total amount of land condemned in this particular proceeding was 19.886 acres; the Rebischkes have appealed only from the award regarding "Parcel No. 4."[8]

---

reviews the statutes of various states governing appeals from administrative determinations of value in eminent domain cases. *Id.* at § 26.73 at 26–500 to 26–509. The states are Alabama, Arkansas, California, Delaware, Illinois, Iowa, Kentucky, Maryland, Minnesota, Michigan, Nebraska, New Jersey, New Mexico, North Carolina, Ohio, Oregon and Washington. The several state statutes, labeled "representative" by Nichols at 26–501, nowhere provide for severability of issues on appeal. Nichols, does not, however, survey the appellate rules of each state.

**7.** We do not consider an attempt to appeal from a portion of the award as affecting the jurisdiction of the superior court. Under Alaska law, the entire proceeding from the filing of the condemnation suit through judgment on any trial de novo is in the superior court, and "there is no transfer of the cause from one tribunal to another." *Inglima v. Alaska State Housing Authority, supra* at 1004.

**8.** The case below was entitled: *State of Alaska v. 19.886 Acres, more or less; William Mc-Donald Collins; Stanley B. Vrem, and Eunice T. Vrem, husband and wife; Jerome M. Mosier, husband and wife [sic]; Lloyd J. Rebischke; S. F. Rebischke; Jerome O. Rebischke; Lawrence Rebischke; Greater Anchorage Area Borough; Matanuska Electric Association, Inc.; Trans-*

The Rebischkes contend that they should be entitled to appeal from a portion of that part of the master's report, making a policy argument that determination of this issue in their favor is supported by judicial economy. Condemnees who are satisfied with the master's finding on one issue would no longer have to appeal the entire master's determination pertaining to them. We are unpersuaded, however, that such an interpretation of the rule would result in any net savings of court time. Insulated from reversal on issues decided to their satisfaction, condemnees might appeal in increasing numbers, restrained only by the holding of *Greater Anchorage Area Borough v. 10 Acres, etc.*, 563 P.2d 269, 274 (Alaska 1977), that a landowner is entitled to attorney's fees only if the court's award is 10 percent higher than the allowance of the master.[9]

Even more significant would be the effect on the non-appealing party. Rule 72(h)(4) requires that an appeal from a master's report be made within 10 days after being served with notice of the filing of the master's report. No provision, such as that set forth in Appellate Rule 7(a)(2), provides for additional time for a cross-appeal. Under *Inglima*, it is not necessary for the non-appealing party to file an appeal in order to be entitled to a jury trial de novo. If, however, appeals could be taken from portions of an award, the non-appealing party may feel compelled to file appeals within the 10-day period to prevent the appeal being tried on the portion of the award least favorable to that party.

We therefore hold that the Rebischkes, in appealing from the portion of the master's award regarding land leased to them, may not sever the various claims they make against the master's valuation of their interests.

Nevertheless, since we have not heretofore construed Rule 72(h)(5) and the construction placed upon it by the Rebischkes is one plausible reading of it, we believe that they should be allowed to withdraw their appeal from the master's award, if they so elect, despite the general rule to the contrary established by *Inglima*. We authorize such a withdrawal of that appeal within 10 days of the issuance of the mandate in this appeal. Since the state may have relied on *Inglima* in not filing an appeal from the master's award, in the event of such withdrawal of appeal by the Rebischkes, the state shall have an additional 10 days within which to file such an appeal.

AFFIRMED.

---

america Title Insurance Company; Security Title and Trust Company of Alaska and Unknown Owners, No. 74–5764.

9.  *See City of Anchorage v. Scavenius*, 539 P.2d 1169, 1176 (Alaska 1975).