STATE OF MISSOURI, at the Relation of KATHERINE DENNIS, Relator,
v. FRANCIS E. WILLIAMS, Judge of the Circuit Court of the City
of St. Louis, Respondent, No. 42206—240 S. W. (2d) 703.

Court en Banc, June 11, 1951.

*Gilbert Weiss* for relator.

*James E. Crowe, James B. Steiner* and *Oliver T. Johnson* for respondent.

178

 CAVE, SPECIAL JUDGE.—On July 26, 1950, relator filed her petition in this court asking that a writ of prohibition be issued against respondent. Our preliminary rule was issued and respondent, for his return, filed demurrer to the petition and the preliminary rule upon the grounds that they do not state facts sufficient to constitute a cause of action; and, that, under the Constitution and laws of Missouri and the Charter of the City of St. Louis, the trial of exceptions in condemnation proceedings in said city is not required to be held before a common law jury of twelve persons. Under this state of the record, we must accept as true all proper allegations of the petition.

The petition alleges that respondent is a judge of the Circuit Court of the City of St. Louis and is presiding in Division 7 of said court; that relator is one of the defendants in a condemnation proceeding brought by said city pursuant to a certain ordinance providing

for such a proceeding "to ascertain the damages and special benefits by reason of the establishment and change of grade" of a certain street in said city; that the change of grade would damage relator's property fronting on said street; that in proceeding in accordance with the city charter in effect at that time, the Circuit Court referred the determination of damages of (relator's) property to the Permanent Condemnation Commission; that said commission (composed of three freeholders) proceeded to make its award and assessed relator's damages; that within the time allowed, relator filed her exceptions to said award, and also filed a motion requesting that she be granted "a jury trial in accordance with the Constitution and the Laws of the State of Missouri, in particular the Laws of 1943, p. 623"; that respondent overruled said motion and is threatening to try said exceptions without a jury and has set said cause for trial on July 28, 1950; and that she has no adequate remedy by appeal. Relator does not question the validity of the preliminary steps taken by the city under its charter leading up to the filing of the petition in condemnation, nor does she question the sufficiency of the petition. Her sole contention is that, when she filed exceptions to the report of the commissioners and requested a trial by jury, she was entitled to a *jury of twelve persons*.

It is conceded that the city proceeded under and in accordance with the applicable provisions of its charter. Sec. 7, Art. 21 of the charter, defines the procedure if exceptions are filed to the commissioners' report and provides that the court shall review the report and may order a new assessment under additional instructions or may appoint a new commission of three persons to make another assessment; and shall hear and dispose of such exceptions with all reasonable speed, and may itself assess benefits anew.

However, relator contends that such procedure is in conflict with certain statutory and constitutional provisions which guarantee to her a trial by a common law jury. She relies on Secs. 523.060, 88.080 and 88.090, R. S. 1949; Art. 1, Secs. 22 and 26; Art. 11, Sec. 4, of Missouri Constitution 1945, and the Fourteenth Amendment of the Constitution of the United States.

Sec. 523.060, originally passed, Laws 1943, p. 623, and amended Laws 1945, p. 1072, provides: "Any plaintiff or defendant, individual or corporate, shall have the right of trial by jury of twelve persons, if either party files exceptions to the award of commissioners in any condemnation case."

The rights conferred by this statute, and the cited constitutional provisions, were recently considered by this court en banc in Kansas City v. Dougherty, 361 Mo. 829, 237 S. W. (2d) 118. The court divided four to three on the question of the effect of said Sec. 523.060. The majority of the court concurred in the opinion of Dalton, J.,

holding that said section *did give* to an *individual* defendant the right to a jury trial in a condemnation suit, if exceptions were filed to the award of commissioners, whether the suit was brought by a city *under special charter* or by some other party authorized to condemn property. The opinion of Ellison, J., concurred in by two judges, held that said section would not give relator the right of trial by jury of twelve persons because the word *corporate* refers to private or business corporations and not to *municipal corporations*. However, the majority opinion held that the General Assembly, at its 1949 Session, passed an Act, now Sec. 88.073, which must be read and construed with Sec. 523.060 and, when so read and construed, the 1949 Act is a modification and an exception to the general provisions of Sec. 523.060 in so far as that section is applicable to any constitutional charter city and does not *now control* the right to a jury trial in a condemnation proceeding brought by a city under its charter, but that such right is now governed by Sec. 88.073. That section provides: ''Whenever the charter of any constitutional charter city makes provision for the condemnation of property for public purposes and assessment of benefits therefor, such city may *elect* to proceed with such condemnation or assessment, or both, in the manner provided in ▮▮▮ Secs. 88.010 to 88.070 *or to proceed in the manner provided in its charter.*'' (Italics ours.) This Act became effective on April 14, 1950, and, as stated above, it is conceded the present condemnation proceeding was *in the manner* provided by the city charter. Thus both opinions, although for different reasons, agree that Sec. 523.060 does not *now* give to an individual defendant the right to a trial before a common law jury in a condemnation suit brought by a charter city *in the manner provided by its charter.*

Both opinions also agree that, prior to the passage of Sec. 523.060, the courts of this state had uniformly held that a trial of exceptions to an award of damages in a condemnation suit by a common law jury was not *available* to *individual defendants,* under the constitutional provisions cited by relator, where cities under special charter brought the proceeding in the manner provided by its charter, and both opinions approve such holding. Thus it is unnecessary again to discuss the constitutional provisions cited and relied on by relator. (See cases cited in opinion by Ellison, J.)

In her brief filed subsequent to the oral argument in this case, relator contends that the only question involved in the condemnation proceeding against her is one of ''consequential damages'' as provided by Sec. 88.080, R. S. 1949, and that under Sec. 88.090 (1949) she is entitled to a trial by a common law jury on her exceptions to the report of the commissioners. It is perfectly apparent from relator's petition that the city is proceeding under and in the *manner provided* by its charter and not under Sec. 88.080. It does appear from

the petition that there are forty-two different pieces of property affected by the improvements sought to be made by this proceeding, and we cannot determine from the pleadings whether the sole question involved is one of ''consequential damages.'' Relator's petition does not seem to be brought on that theory. In so far as this suit in condemnation is concerned, we do not believe Secs. 88.080 and 88.090 have any application.

We hold that the Legislature intended, by the 1949 Act, supra, to restore to constitutional charter cities the right, if they so *elect*, to condemn property for public use and to assess damages and benefits in the manner provided by its charter.

It follows that our preliminary rule should be and is discharged and peremptory writ denied. All concur.