STATE of Missouri, ex rel., STATE HIGHWAY COMMISSION OF MISSOURI, Plaintiff-Appellant,

v.

COOL'S TALL TOWER, RESTAURANT AND MARINA, et al., Exceptions of Osage Outdoor Advertising, Inc., et al., Defendants-Respondents.

No. 13915.

Missouri Court of Appeals, Southern District, Division One.

Oct. 7, 1985.

Motion for Rehearing or to Transfer Denied, Oct. 29, 1985.

Application to Transfer Denied, Dec. 17, 1985.

Bruce A. Ring, Dennis J. Redel, Philip R. Pruett, Jefferson City, for plaintiff-appellant.

Alex Bartlett, Bartlett, Venters, Pletz & Toppins, P.C., Jefferson City, for respondent Osage Outdoor Advertising, Inc.

Richard N. Ward, Walter J. O'Toole, Jr., Kansas City, for amicus curiae City of Kansas City.

FLANIGAN, Judge.

Does the State Highway Commission, after filing exceptions to the award of commissioners in a highway condemnation case, have the right to trial by jury over the objection of the landowner? The trial court answered the question in the negative. This court agrees with the commission that the trial court erred in so ruling.

This is a condemnation action brought by the State Highway Commission of Missouri, now the Missouri Highway and Transportation Commission, plaintiff-appellant, to acquire, for highway purposes, land owned by defendants-respondents Osage Outdoor Advertising, Inc., et al, in Camden County. Defendants-respondents collectively will be referred to as "Osage." The condemnation commissioners returned an award of $264,000. Both the commission and Osage filed exceptions to the award and demanded a jury trial. The commission deposited $264,000 in the registry of the trial court on November 28, 1978, the date of "taking."

The commission filed a timely application for a change of venue. In response to that application Osage filed a "Waiver of Jury to Obviate Change of Venue." In that document Osage asserted that the commission was not entitled to a jury trial, stated that Osage waived its right to a jury trial and objected to the commission's request for a change of venue. The trial court sustained the commission's application and the case was transferred to Laclede County. Osage then filed a "Motion to Strike [the Commission's] Request for a Jury Trial," and again took the position that the

commission was not entitled to a jury trial. The court denied that motion which was later renewed and again denied.

The case was tried to a jury which returned a verdict of $150,000, on which the trial court entered judgment providing that the commission would recover from Osage the sum of $114,000 with interest from November 28, 1978. Osage filed a motion seeking an order setting aside the verdict and the entry of judgment by the court or, alternatively, a new trial. One of the grounds in that motion was that the commission had no right to a jury on the trial of its exceptions. The trial court held that the commission was not entitled to a trial by jury. The court set aside the verdict, vacated the "initial judgment" of $114,000 plus interest in favor of the commission, and entered a judgment assessing Osage's damages at $264,000.

The judgment recited that because the court had sustained Osage's motion on the ground that the commission was not entitled to a jury trial, "the court has not found it necessary to reach any of the other allegations of the motion or to consider the alternative relief requested in the motion and therefore expressly issues no rulings and makes no determinations with respect thereto." Paragraph 6 of Osage's alternative motion for new trial alleged that the verdict was against the weight of the evidence and paragraph 16 alleged that the verdict was "grossly inadequate." The trial court did not rule on either of those paragraphs.

The trial court held that § 523.060 [1] did not afford the commission the right of trial by jury and that the commission was not accorded that right by constitutional provision or by another statute or by common law. In construing § 523.060, set out in footnote 2, the court relied primarily on *In re East Park Dist. of Kansas City v. Dougherty*, et al., 361 Mo. 829, 237 S.W.2d 118, 122 (1951). The commission appeals.

The commission's sole point is that the trial court erred in holding that the commission, after it had filed exceptions to the award of the commissioners, had no right to trial by jury although the commission had requested a jury trial. That ruling, argues the commission, was erroneous and invalidates the trial court's order setting aside the jury verdict and the judgment based thereon, and the $264,000 judgment entered by the court against the commission. Various constitutional and statutory provisions which are germane to the issue are set forth below.[2]

---

**1.** Unless otherwise indicated, all references to statutes are to RSMo 1978, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

**2.** Constitution of Missouri—1875

Article 12, Section 4. *Eminent domain, right of State in corporation property—trial.* The exercise of the power and right of eminent domain, shall never be so construed or abridged as to prevent the taking, by the General Assembly, of the property and franchises of incorporated companies already organized, or that may be hereafter organized, and subjecting them to the public use, the same as that of individuals. The right of trial by jury shall be held inviolate in all trials of claims for compensation, when in the exercise of said right of eminent domain, any incorporated company shall be interested either for or against the exercise of said right.

Constitution of Missouri—1945
Article I, Bill of Rights
Section 22(a). *Right of trial by jury—qualifications of jurors—two-thirds verdicts.* That the right of trial by jury as heretofore enjoyed shall remain inviolate....

Section 26. *Compensation for property taken by eminent domain—condemnation juries.* That private property shall not be taken or damaged for public use without just compensation. Such compensation shall be ascertained by a jury or board of commissioners of not less than three freeholders, in such manner as may be provided by law; ...

Article XI, Corporations
Section 4. *Corporations subject to eminent domain—trial by jury.* The exercise of the power and right of eminent domain shall never be construed or abridged to prevent the taking by law of the property and franchises of corporations and subjecting them to public use. The right of trial by jury shall be held inviolate in all trials of claims for compensation, when the rights of any corporation are affected by any exercise of said power of eminent domain.

Statutes
Chapter 88—Cities, Towns and Villages—Public Works and Special Assessments—Condemnations.
88.037. *Condemnation of property—assessment by jury.* All owners of property to be

Although the State Highway Commission was created in 1921, § 226.020, and has had the power of eminent domain since its inception, § 227.120, set forth in footnote 2, the instant issue is one of first impression. The excellent briefs of able counsel on both sides and the independent research of this court fail to lead to any Missouri appellate decision where the landowner has challenged the commission's right to trial by jury. Inventive arguments have been advanced by both sides, and although this court rejects the conclusion advanced by Osage, and some of the reasoning of the commission, their respective views will be outlined.

appropriated shall take notice of the confirmation of the report of the commissioners as to the assessment of benefits, and any owner of property to be appropriated may, within ten days after such confirmation, file with the clerk his request that the assessment of damages made by the commissioners be set aside as to his property and that the damages be assessed by a jury....

88.073. *Condemnation of property—right to condemn lands*.... 2. Whenever the charter of any constitutional charter city makes provision for the condemnation of property for public purposes and assessment of benefits therefor, such city may elect to proceed with such condemnation or assessment, or both, in the manner provided in sections 88.010 to 88.070 *or to proceed in the manner provided in its charter.* (Emphasis added.)

Chapter 227—State Highway System.

227.120. *Commission empowered to purchase or lease lands to exercise right of eminent domain.* The state highway commission shall have power to purchase, lease, or condemn, lands in the name of the state of Missouri for the following purposes when necessary for the proper and economical construction and maintenance of state highways:

(1) Acquiring the right of way for the location, construction, reconstruction, widening, improvement or maintenance of any state highway or any part thereof;

.    .    .    .    .

(13) Acquiring lands for any other purpose necessary for the proper and economical construction of the state highway system for which the commission may have authority granted by law. If condemnation becomes necessary, the commission shall have the power to proceed to condemn such lands in the name of the state of Missouri, *in accordance with the provisions of chapter 523, RSMo, 1949, insofar as the same is applicable to the said state highway commission,* and the court or jury shall take into consideration the benefits to be derived by the owner, as well as the damage sustained thereby.... (Emphasis added.)

Chapter 510—Trials and proceedings before and after trial.

510.190. *Right of trial by jury—waiver.* 1. The right of trial by jury as declared by the constitution or as given by a statute shall be preserved to the parties inviolate....

Chapter 523—Condemnation proceedings.

523.050. *Commissioners' report—notice of filing—review.* 1. Upon the filing of such report of said commissioners, the clerk of the court wherein the same is filed shall duly notify the party whose property is affected of the filing thereof; and the report of said commissioners may be reviewed by the court in which the proceedings are had, on written exceptions, filed by either party in the clerk's office, within ten days after the service of the notice aforesaid; and the court shall make such order therein as right and justice may require, and may order a new appraisement, upon good cause shown.

2. Such new appraisement *shall, at the request of either party, be made by a jury,* under the supervision of the court, as in ordinary cases of inquiry of damages; ... (Emphasis added.)

523.060. *Right of trial by jury in condemnation proceedings. Any plaintiff or defendant, individual or corporate,* shall have the right of trial by jury of twelve persons, if either party file exceptions to the award of commissioners in any condemnation case. (Emphasis added.)

Rules

Rule 69—Trial by jury.

69.01. *Right of Trial by Jury—Waiver—Agreement for.* (a) *Right of Trial by Jury Inviolate.* The right of trial by jury as declared by the Constitution or as given by a statute shall be preserved to the parties inviolate....

Rule 86—Condemnation Proceedings.

86.01. *Scope.* In all condemnation proceedings, except those in instances where special provisions to the contrary are, or may hereafter be, provided for by charters or ordinances of those cities having constitutional charters, the procedure to be followed shall be that provided for by these rules.

86.08. *Clerk to Give Notice of Filing Report—Exceptions to Report, When Filed, Effect....* Said clerk shall file in said cause his certificate and any other lawful evidence necessary to prove the time and manner of serving all such notices. Any party may file written exceptions to the report of the commissioners within ten days after the service or posting of the notice aforesaid. Upon the filing of such exceptions, the issue of the amount of damages sustained by, and benefits accruing to, the defendant's property, if any, as a result of the appropriation, shall be submitted to a jury, or, if a jury be waived, to the court, to be tried as in ordinary cases of inquiry of damages.

The commission argues that "under the plain meaning of § 523.060" the commission, as plaintiff, is entitled to a trial by jury because the words "individual or corporate," as used in § 523.060, modify the word "defendant" only and not the words "plaintiff and defendant," and the word "any" modifies the word "plaintiff." [3] This court questions the soundness of that grammatical argument but finds it unnecessary to rule upon its validity. The commission further argues that § 523.060 "was enacted to expand the right to jury trial to individual defendants [in condemnation proceedings]" and that the legislature did not intend "to limit the right [to a common law jury] to individual and business corporate defendants, or to exclude such right from government condemnors." This court agrees with that argument. Finally, the commission argues that it was entitled to a jury because it had made a timely request for a jury and "no statute exists precluding the commission from requesting a jury trial," on both of which this court agrees, and that the trial court ignored Section 22 and Section 26 of Article I, Missouri Constitution of 1945, § 523.050, § 510.190, Rule 86.-08, and various cited cases, "all of which give the commission the right to a jury trial in eminent domain cases." This court holds that the commission, by reason of § 523.050, had the right to trial by jury.

Osage argues that the commission was not entitled to a jury trial because "there is no right to a jury trial in condemnation cases at common law," and "the right to a jury trial is for the protection of those who are subject to governmental authority" and not for the protection of the governmental authority itself. Osage also argues, based primarily upon the construction of § 523.-060 contained in *In re East Park Dist. of*

*Kansas City v. Dougherty*, supra, *that the commission is not a "corporate" plaintiff as used in § 523.060.* Osage also argues that even if § 523.050, which was enacted in 1873, could be construed to accord the commission a right to trial by jury, § 523.-060, which was enacted in 1943, supersedes § 523.050. Osage further argues that the commission cannot rely on Rule 86.08 because the right to a jury trial is governed "by common law, constitutional laws and statutory law, and not by Supreme Court rule." Osage cites Section 5 of Article V of the Missouri Constitution providing that Supreme Court rules "shall not change substantive rights, or . . . the right of trial by jury. . . ."

It should be noted that the commission does not dispute Osage's contention that the commission is not a corporation of the type referred to in § 523.060.

The interrelationship of the various constitutional provisions, statutes, and rules set forth in footnote 2 must be considered in light of the serpentine legal history of condemnation proceedings in which the condemnor is a constitutional charter city and the condemnee is an individual. That alignment and that combination of legal capacities have led to many decisions, some of which are relied upon by both sides to the instant appeal. It will be seen that the right of an individual condemnee to a jury in condemnation proceedings, in which the condemnor is a constitutional charter city, has, by reason of a series of enactments, flickered on and off—"now you see it, now you don't."

"There is no constitutional right under the Federal Constitution to a jury trial in a condemnation proceeding." 27 Am.Jur.2d Eminent Domain § 407, p. 289. Although

---

3. In support of this argument the commission states that the words "individual or corporate" do not modify the word "plaintiff," because "no individual has been authorized by law to exercise the powers of eminent domain. Therefore, it makes no sense to apply such limitation to plaintiffs in eminent domain cases."

On the other hand, it has been said, "The legislature may ordinarily constitutionally delegate the power of eminent domain to individu-

als. . . ." 26 Am.Jur.2d Eminent Domain § 20, p. 663. A Missouri court has said: "Delegation [of the state's power of eminent domain] can be to private corporations, 29 C.J.S., Eminent Domain, § 24, p. 811 ff; and even to individuals; 29 C.J.S., Eminent Domain, § 27, p. 816." *Phillips Pipe Line Co. v. Brandstetter*, 241 Mo.App. 1138, 263 S.W.2d 880, 888 (1954). The briefs of the parties do not mention any Missouri statute delegating the power to an individual.

that statement is generally true, a situation may arise, as will be seen, where an individual is entitled to a jury as a matter of equal protection of the laws, where a legislative act accords that right to a corporate condemnee but does not purport to accord it to an individual condemnee.

So far as the state constitution is concerned, our supreme court said, years ago, "[p]rior to the constitution of 1875, the right of trial by jury to determine the compensation of a landowner for his land taken for public use was not guaranteed in any case. It was held by this court, in an early case, that persons appointed to assess damages for land taken under the power of eminent domain do not perform the usual functions of a jury in civil or criminal trials, and the provision of the constitution which declares that the right of trial by jury shall remain inviolate has no application to such cases.... So it will be found that, in the absence of any express provision on the subject, the authorities almost uniformly hold that jury trial in such cases is not a constitutional right.... The constitution of this state declares that compensation for private property taken or damaged for public use 'shall be ascertained by a jury or board of commissioners of not less than three freeholders, in such manner as may be prescribed by law.' Article 2, § 21. The only limitation placed upon the legislature by this provision is that the compensation shall be ascertained by a jury or board of commissioners, and the number shall not be less than three. In other respects the power of the legislature is not limited by this declaration." *City of Kansas City v. Vineyard*, 128 Mo. 75, 30 S.W. 326, 326–327 (1895) (authorities omitted).

The constitutional language quoted was then in the Constitution of 1875 and is now contained, except for the substitution of "provided" for "prescribed," in Article I, Section 26 of the Constitution of 1945 set forth in footnote 2.

In *City of Kansas City v. Vineyard*, supra, the condemnor was Kansas City, a municipal corporation, and the defendants-condemnees included several corporations and an individual. An assessment of damages was made by a board of commissioners consisting of six freeholders as provided by the city charter. After the report was filed, the individual defendant moved to set aside the report and requested trial by a jury of 12 persons. The trial court denied the request.

On appeal the supreme court considered the question of whether or not the individual defendant was entitled to a common law jury by reason of the provisions of Article 12, Section 4 of the Constitution of 1875, set forth in footnote 2. Compare that language with Article XI, Section 4 of the Constitution of 1945, set forth in footnote 2. The court first considered whether the city was an "incorporated company" within the meaning of Article 12, Section 4, and said, "If so, then there can be no doubt that defendant would be entitled to the right demanded." The court held that the city was not an "incorporated company" within the meaning of the constitutional provision. Therefore the mere fact that the city was plaintiff did not make the action one in which an incorporated company was interested "for" the exercise of the right of eminent domain.

The court also held that the mere fact that other defendants were corporations, that is "incorporated companies," did not give the individual defendant a right to demand a jury. The court said, at p. 328, "The right to demand a jury is therefore confined to an incorporated company, whose property is taken by the proceeding, and to the condemning party." Both the city and all of the corporate defendants had waived their right to a jury by not demanding one.

In *In re Independence Avenue Boulevard*, 128 Mo. 272, 30 S.W. 773 (1895), a similar situation arose. Kansas City was the condemnor and the condemnees included corporations and individuals. The latter requested a common law jury and the trial court denied that request.

The supreme court, citing with approval *City of Kansas City v. Vineyard*, supra, again held that the city was not an incorpo-

rated company and that the mere fact that the city was plaintiff did not entitle any individual defendant to a jury of 12. The court also held that the individual defendants were not entitled to a jury, under Article 12, Section 4 of the Constitution of 1975, merely because other defendants were corporations. The latter had waived their right to a jury.

The court said, at p. 778, "Each property owner, in a proceeding like this, is independent of the others, as to the damage or benefit to his property...." The court further held that it was "very plain" that the constitutional provision guaranteed "'the historical jury' of 12 only for or against incorporated companies, in proceedings to exercise eminent domain; and this was to guard against prejudice in favor of or against private corporations exercising that right, or affected by it, and this constituted an exception. As to all other persons, the board of commissioners, not less than three, was deemed sufficient. If the incorporated companies waive that right, no other party has any just cause of complaint."

■■■ The foregoing authorities demonstrate that prior to the Constitution of 1875 an individual landowner did not have a constitutional right to trial by jury in any condemnation case. In 1873 § 523.050, set forth in footnote 2, was enacted and although that statute, in an ordinary condemnation case, requires that a "new appraisement" be made by a jury, at the request of either party, it did not apply to an individual condemnee where the condemnor was a constitutional charter city. See the many cases cited in *In re East Park Dist. of Kansas City v. Dougherty,* supra, 237 S.W.2d at 120, n. 3. Moreover, Article 12, Section 4 of the Constitution of 1875 did not confer upon an individual condemnee a right to trial by jury where the condemnor was a constitutional charter city, because the latter was not an "incorporated company."

In *In re East Park Dist. of Kansas City v. Dougherty,* supra, Kansas City, as condemnor, brought an action to condemn land for public park purposes. Pursuant to the city's charter, the case was tried to a jury of six freeholders. In their exceptions to the award of the six freeholders, defendants-landowners, who were individuals, asserted that their damages should have been assessed by a common law jury of 12 persons, under § 523.060, set out in footnote 2, which was enacted, except for a 1945 amendment not relevant here, in 1943.

The trial court held that the landowners were not entitled to a trial by a common law jury and the supreme court affirmed. The opinion of the court was written by Judge Ellison, and two other judges concurred in that opinion. The other four judges concurred in the result. Judge Dalton wrote a concurring opinion in which three of his colleagues concurred. Thus the opinion of Judge Dalton represented the views of the majority, although all the judges agreed that the landowners had no right to a common law jury.

Referring to Article XI, Section 4, Constitution of Missouri, 1945, set forth in footnote 2, and the corresponding provision in the Constitution of 1875, which it superseded, Judge Ellison said that such provision was the only constitutional exception forbidding the alternative use of a board of freeholders in eminent domain proceedings if it is so provided by law and that Article XI, Section 4, Constitution of Missouri, 1945, did require a jury of 12 members in condemnation proceedings affecting *corporations.*

Judge Ellison said, at p. 120, "But we think the word 'corporation' as used in [Article XI, Section 4 and in the corresponding provision in the 1875 Constitution] clearly refers to private or business corporations, and not to *municipal* corporations. A well settled distinction exists between the two." (Emphasis in original.)

Judge Ellison's opinion further stated that a jury of six freeholders, as provided in the Kansas City charter, was sufficient to meet the requirements of the constitution in eminent domain proceedings except where a private or business corporation is a party, in which event a 12-person jury is

required under Article XI, Section 4. Judge Ellison also pointed out that a 12-person jury would be required if the charter itself made that requirement.

Judge Ellison then used language, with reference to § 523.060, set forth in footnote 2, on which the trial court, in the instant case, placed its primary reliance and which is stressed in the brief of Osage. At p. 122 Judge Ellison said:

"[Sec. 523.060] does provide that any plaintiff or defendant, individual or *corporate*, shall have the right of trial by a jury of twelve persons, if either party file exceptions to the award of commissioners in any condemnation case. We think the word 'corporate' in this new statute means no more than does the word 'corporation' in art. XI, Sec. 4, Const. Mo.1945. That is to say both words refer to private or business corporations, and not to municipal corporations. That the General Assembly did not intend by the new statute to depart from the provisions in the special charters of cities is shown by the last legislative pronouncement on the subject, Sec. 88.073(2), 1 Mo.R.S.1949, which provides as follows: '2. Whenever the charter of any constitutional charter city makes provision for the condemnation of property for public purposes and assessment of benefits therefor, such city may elect to proceed with such condemnation or assessment, or both, in the manner provided in sections 88.010 to 88.-070 or to proceed in the manner provided in its charter.'" (Emphasis in original.)

In his concurring opinion, Judge Dalton, at p. 122, said:

"At the time [§ 523.060] became effective, Sec. 4, art. XI, Const. Mo.1945 provided that 'The right of trial by jury shall be held inviolate in all trials of claims for compensation, when the rights of any *corporation* are affected by any exercise of said power of eminent domain.' (Italics ours.) Also, at that time a trial of exceptions to an award of damages in a condemnation case before a common law jury was denied to *individual defendants* only in cities where by judicial decisions the charter provisions had been allowed to super-

cede the general law. (See cases cited in opinion by ELLISON, J.) We, therefore, construe the passage of [§ 523.060] as evidencing an intent that all *individual* defendants throughout the state (including those in charter cities) should have the same right to a jury trial in a condemnation case that the constitution then granted to corporate defendants. If [§ 523.060] did not apply to *individual* defendants in condemnation cases in charter cities it accomplished no purpose. On this appeal only individuals are complaining about being denied such a jury trial. However, since the denial of a trial before a common law jury on the issue of damages in this case, the legislature has now passed another act or revision bill which must be read and construed with Sec. 523.060, supra, towit, [§ 88.073] which became effective on April 14, 1950.

"In this situation, if the judgment in this cause should be reversed and the cause remanded appellants (who were the individual defendants and exceptors in the cause below) would not now be entitled to a trial before a common law jury. I, therefore, concur only in the result reached in the opinion of ELLISON, J." (Emphasis in original.)

It should be noted that Judge Ellison's discussion, at p. 122, of § 523.060 is inconsistent with the grammatical argument of the commission in the instant case as set forth earlier in this opinion and in footnote 3. In *In re East Park Dist. of Kansas City*, supra, the plaintiff was Kansas City and Judge Ellison addressed the issue of whether Kansas City was "corporate." The inquiry would have been unnecessary if Judge Ellison and his two concurring colleagues believed that the words "individual or corporate" modify only the word "defendant," rather than the words "plaintiff or defendant."

Judge Ellison's remarks, at p. 122, relied upon so heavily by Osage and the trial court, which had only the full concurrence of its author and two other judges, with the other four judges concurring in the result only, "obviously was not authoritative ex-

cept as to the result reached therein." *Musgraves v. National Dairy Products Corp.*, 400 S.W.2d 93, 96[2] (Mo.1966). "An opinion of the Supreme Court en banc which lacks concurrence of a majority of the judges except as to result, however, does not decide the issue but has value only as instruction." *State v. Bradshaw*, 593 S.W.2d 562, 565[1] (Mo.App.1979). This court is not saying that it does not agree with Judge Ellison's remarks; it is merely saying that it is not bound by them.

*East Park*, supra, was decided in February 1951. In June of that year, in *State v. Williams*, 362 Mo. 176, 240 S.W.2d 703 (1951), the court had occasion to discuss the two opinions, Judge Ellison's and Judge Dalton's, and all of the judges concurred in the *Williams* opinion. There had been no change in the personnel of the supreme court during 1951 when all seven agreed that *Williams* properly construed the two opinions in *East Park*.

In *Williams* the court said that Judge Ellison and his two colleagues, in *East Park*, held that § 523.060 did not give an individual landowner the right of trial by jury because the word "corporate" refers to private or business corporations and not to municipal corporations. The court, in *Williams*, referred to Judge Dalton's opinion as "the majority opinion" which, said the court in *Williams*, held that the legislature, in 1949, enacted what is now § 88.073, set forth in footnote 2, "which must be read and construed with § 523.060 and, when so read and construed, [§ 88.073] is a modification and an exception to the general provisions of § 523.060 in so far as that section is applicable to any constitutional charter city and does not *now control* the right to a jury trial in a condemnation proceeding brought by a city under its charter, but that such right is now governed by Section 88.073." *Williams*, supra, 240 S.W. at p. 704. (Emphasis in original.)

Finally, in *Williams*, the court, in referring to the respective opinions of Judge Ellison and Judge Dalton, said, at p. 705:

"Both opinions also agree that, prior to the passage of Sec. 523.060, the courts of this state had uniformly held that a trial of exceptions to an award of damages in a condemnation suit by a common law jury was not *available* to *individual defendants*, under the constitutional provisions cited by relator, where cities under special charter brought the proceeding in the manner provided by its charter, and both opinions approve such holding." (Emphasis in original.)

Of significance to the instant case is the following language used by Judge Dalton at p. 122 of his opinion in *East Park:*

"If [§ 523.060] did not apply to *individual* defendants in condemnation cases in charter cities it accomplished no purpose." (Emphasis in original.) That is another way of saying that the *only* purpose of § 523.060 was to extend to individual defendants, in condemnation cases in charter cities, the right to trial by jury. That right, as held in *Williams*, was diluted by the subsequent passage of § 88.073. Judge Dalton's opinion in *East Park*, however, is not the only pronouncement concerning the purpose of § 523.060.

In *State v. Kimberlin*, 267 S.W.2d 51, 53 (Mo.App.1954), the court, referring to § 523.060, said: "We think *the only thing* the Legislature intended was that if there should be a new appraisement in any condemnation case, any individual, as well as a corporation, may demand that it be by a 'jury of 12 persons.'" (Emphasis added.)

In *Kansas City v. Webb*, 484 S.W.2d 817 (Mo. banc 1972), a condemnation action in which the condemnor was Kansas City, a constitutional charter city, an individual defendant, as condemnee, for the first time raised and preserved for appellate review the issue of whether he was denied his constitutional right to equal protection of the laws by a provision in the Kansas City charter which granted a corporate condemnee the right to trial by jury but did not extend that right to an individual condemnee. With the comment, "Strange as it may seem," the court pointed out that an individual condemnee, denied a common

law jury in a condemnation proceeding brought by a constitutional charter city, had never previously raised "the equal protection of the laws question." The court, at p. 822, said:

"In 1945, *apparently in an attempt to equalize the situation*, the General Assembly passed [§ 523.060] providing that any plaintiff or defendant, individual or corporate, should have the right to trial by a jury of twelve persons upon filing exceptions to the award of commissioners in any condemnation case. This was followed, as above indicated, by the amendment of § 7240, RS 1939, Laws 1949, H.B. 2036 (now § 88.073[2] )." (Emphasis added.)

The court held that Article XI, Section 4 of the Constitution of Missouri, 1945, set forth in footnote 2, and a provision of the charter of Kansas City (entitling a corporation to obtain a 12-man jury by requesting same prior to the impaneling of a 6-man jury, but not extending that right to noncorporate condemnees), were supplemented by the equal protection of the laws clause of the Fourteenth Amendment to the Federal Constitution and the equal rights and opportunities clause of Article I, Section 2 of the Missouri Constitution and that the constitutional provisions placed individual rights in parity with corporate rights. The court held that the circuit court, in denying the individual condemnee's demand for trial by jury, violated those constitutional guarantees. Upon a timely demand, an individual condemnee was entitled to a common law jury in the same manner and under the conditions which the Kansas City charter accorded a corporate condemnee.

■ From the foregoing it is seen that an individual condemnee, in an action where a constitutional charter city was a condemnor, did not have a right to trial by jury until § 523.060 gave him that right. Indeed, as evidenced by the foregoing authorities, that was the *only* purpose of § 523.060. The purpose of that statute, then, was to give to such an individual condemnee a right which he previously did not have. It was not the legislative intent to take the right away from any litigant,

including the commission, which would otherwise have that right under § 523.050.

■ The right to a jury, given to an individual condemnee in a condemnation action brought by a constitutional charter city, was short-lived under § 523.060 because, in 1950, the legislature enacted § 88.073 which, in effect, permitted a constitutional charter city, at its option, to deny that right. The decision in *Kansas City v. Webb*, supra, however, precluded the denial of that right to an individual condemnee if the charter granted that right to a corporate condemnee. Thus the right, if timely asserted as a matter of equal protection, was revived.

This court agrees with Osage that the commission's right to a jury trial cannot be based on § 523.060. The commission does have that right, however, by reason of § 523.050.

The Highway Commission came into being in the 1920's and § 523.050 was in effect at that time. Sec. 523.060 was not enacted until 1943. This court takes judicial notice of the fact that the commission filed condemnation cases prior to 1943.

Sec. 227.120(13), set forth in footnote 2, provides: "... If condemnation becomes necessary, the commission shall have the power to proceed to condemn such lands in the name of the state of Missouri, in accordance with the provisions of Chapter 523, RSMo, 1949, *insofar as the same is applicable to the said Highway Commission....*" (Emphasis added.)

Sec. 523.050 has been invoked by appellate courts in proceedings in which the condemnor was the commission. *State v. Vorhof-Duenke Company*, 366 S.W.2d 329, 336[4] (Mo. banc 1963); *State v. Green*, 305 S.W.2d 688, 694 (Mo.1957); *State v. Curtis*, 365 Mo. 447, 283 S.W.2d 458, 464 (1955); *State v. Mahon*, 350 S.W.2d 111, 113[1] (Mo.App.1961).

■ Sec. 523.050 contains a provision for filing exceptions and also contains a provision that a jury trial will be had at the request of *either* party. If § 523.050 did

not apply to condemnation actions instituted by the commission, there would be no provision for the filing of exceptions to the commissioners' award. Manifestly that would not be the legislative intent. Thus § 523.050 does apply to condemnation actions instituted by the commission, including that portion of § 523.050 which requires that a jury trial be held if either party, including the commission, requests a jury. The trial court, in holding otherwise, erred.

It will be recalled that one of the grounds in Osage's alternative motion for new trial was that the verdict was against the weight of the evidence. That ground, and other grounds contained in Osage's motion, were not ruled upon by the trial court. Oasage's brief, as respondent, raises other points which were in its post-trial motion but which also received no ruling by the trial court.

■ This court "has the power to remand a case for a direct ruling on a motion for a new trial that has been indirectly overruled by operation of law because there was no direct ruling within the period prescribed by the rules." *Taylor v. F.W. Woolworth Co.*, 641 S.W.2d 108, 109 (Mo. banc 1982). See also *Mercantile Trust Company v. Holst*, 665 S.W.2d 370, 371[2] (Mo.App.1984); *Dayringer v. Mullen*, 651 S.W.2d 500, 502 (Mo.App.1983); *King v. Clifton*, 648 S.W.2d 193, 195 (Mo.App. 1983). In remanding this case this court expresses no opinion on the merits of any of the unruled grounds contained in Osage's post-trial motion. Specifically, this court may not and does not express an opinion on whether the verdict was against the weight of the evidence, as Osage claims and the commission denies.

The judgment is reversed and the cause remanded with directions to the trial court to reinstate the verdict of the jury, to enter judgment on that verdict, and then to consider and rule upon those portions of Osage's post-trial motion which have not heretofore received a ruling, said portions being paragraphs 2 through 16. Said ruling shall be made by the trial court within 30 days after receipt of the mandate of this court. It is so ordered.

TITUS, P.J., and GREENE, J., concur.