**Charles Len MERCER,**
**Appellant/Cross–**
**Respondent,**

v.

**BUSCOMM, INCORPORATED,**
**Respondent/Cross–**
**Appellant.**

No. ED 104601

Missouri Court of Appeals,
Eastern District,
**DIVISION THREE.**

Filed: March 28, 2017

Kevin J. Kasper, St. Charles, MO, for Appellant.

Eugene J. Brockland, Jr., St. Charles, MO, for Respondent.

ROBERT G. DOWD, JR., Judge

Charles Len Mercer ("Appellant") appeals from judgment notwithstanding the verdict in favor of BusComm Incorporated following a jury trial. Appellant also appeals the trial court's denial of his motion for attorney fees. BusComm cross-appeals the trial court's denial of its motion for attorney fees. We reverse and remand the JNOV and affirm the trial court's denial of both Appellant's and BusComm's claims for attorney fees.

Appellant worked for BusComm in a sales position as a healthcare systems consultant and received a base salary plus a commission for sales made. He began working for BusComm on July 1, 2010, and was terminated on February 24, 2012. Following his termination, Appellant filed a six-count petition against BusComm alleging violations of the Missouri Human Rights Act ("MHRA"), breach of contract, unjust enrichment, quantum meruit and unpaid commissions under the Missouri Merchandising Practices Act ("MMPA"). The first two counts of Appellant's petition involved claims for discrimination and retaliation under the MHRA, alleging his supervisor made unwelcome sexual advances, requested sexual favors and exhibited verbal and physical conduct of a sexual nature towards him. He claimed that his supervisor's conduct interfered with his performance and created a hostile work environment and that he was discharged and discriminated against with respect to compensation, terms, conditions or privileges of employment because of his sex. He further alleged that he complained to his manager that he was uncomfortable with his supervisor's sexually explicit actions and that he experienced retaliation because of his complaints.

The remaining counts of his petition relate to claims that Appellant was not paid for his services and was owed commissions and bonuses for sales he allegedly made while employed by BusComm. In particular, he claimed to have been owed at least $14,000 in commissions and bonuses.

During the course of discovery, it was determined that, prior to filing his petition in the present action, Appellant filed a voluntary petition for Chapter 7 bankruptcy protection. Appellant admitted he did not identify his claims against BusComm as assets at the time he filed his voluntary bankruptcy petition nor did he amend or supplement his bankruptcy filings to reflect his claims against BusComm as assets at any time prior to receiving his discharge.

Thereafter BusComm moved for summary judgment on each of Appellant's claims. The trial court found there were no genuine issues of material fact and therefore BusComm was entitled to judgment as a matter of law on his discrimination and retaliation claims under the MHRA. As to the remaining claims, the trial court found that there was no genuine issue of material fact as to any earnings, commissions and bonuses from services performed by Appellant for BusComm before December 28, 2011, the date he filed his voluntary petition for Chapter 7 bankruptcy protection and, therefore, BusComm was entitled to judgment as a matter of law on those claims. Summary judgment was denied as to claims for earnings, commissions and bonuses Appellant performed for Bus-

Comm after December 28, 2011.[1]

The only claim Appellant submitted to the jury at trial was his claim for unpaid commissions, which were limited to those earned after December 28, 2011, pursuant to the trial court's order on BusComm's motion for summary judgment. The following verdict director was submitted to the jury:

> Your verdict must be for [Appellant] if you believe:
>
> First, [Appellant] entered into an agreement whereby [Appellant] agreed to act as sales representative and be compensated by [BusComm] by being paid 5% of order amounts received on behalf of [Buscomm], [sic] and
>
> Second, [Appellant] sold orders after December 28, 2011, pursuant to said agreement;
>
> Third, [BusComm] has received payment for orders sold by [Appellant]; and
>
> Fourth, [BusComm] failed to pay the commission due.

The jury returned a verdict in Appellant's favor, finding he was owed commissions of $1,750.00 as of the date of his termination, $8,506.00 for commissions earned after that date and an additional $25,000.00 as an annualized *pro rata* commission from the date of termination to the date of trial.[2] Thereafter, BusComm filed its motions for JNOV, new trial or remittitur. As for the motion for JNOV, BusComm claimed that Appellant failed to present sufficient evidence of services performed after December 28, 2011, that led to commissionable sales. BusComm argued that the evidence at trial demonstrated that Appellant was fully compensated for the administrative

work he performed after December 28, 2011, and that he did not perform any services after that date to generate commissionable sales. BusComm also filed a motion requesting attorney fees and costs under Section 213.111 of the MHRA in the amount of $15,264.75 and alleging Appellant's MHRA claims were without foundation and severable from Appellant's sales commission claims. Appellant also filed a motion for attorney fees in the amount of $105,552.50, relying on the prevailing party provision in Section 407.913 of the MMPA.

The trial court granted BusComm's motion for JNOV and entered judgment in favor of BusComm.[3] The trial court specifically found that the jury verdict was against the weight of the evidence in that Appellant did not provide evidence of any sale that occurred after December 28, 2011. The trial court found that the trial testimony was that previous sales were serviced by Appellant after December 28, 2011, and that a previous sale, which was awaiting grant funding, received that funding in January 2012. The trial court found this insufficient to establish that Appellant had sold orders after December 28, 2011, and therefore the jury verdict was not supported by competent evidence. The trial court also denied both parties' motions for attorney fees. This appeal and cross-appeal follow.

In his first point on appeal, Appellant claims the trial court erred in granting BusComm's motion for JNOV because the record viewed in the light most favorable to the verdict established that Appellant made a submissible case for commissions owed in that there was substantial evi-

---

1. Appellant also filed a motion to set aside the summary judgment, which was denied.

2. Section 407.912 of the MMPA allows for recovery of additional damages "as if the sales representative were still earning commissions calculated on an annualized pro rata basis from the date of termination to the date of payment."

3. The trial court did not rule on BusComm's alternative motions for new trial or remittitur.

dence that Appellant made sales after December 28, 2011.

The trial court's decision to grant a motion for JNOV is a question of law that we review de novo, and in doing so, we review to determine whether a submissible case was made. *Delacroix v. Doncasters, Inc.*, 407 S.W.3d 13, 39 (Mo. App. E.D. 2013). A plaintiff must offer substantial evidence for every fact essential to recovery in order to make a submissible case. *Arkansas–Missouri Forest Products, LLC v. Lerner*, 486 S.W.3d 438, 447 (Mo. App. E.D. 2016). "Substantial evidence is that which, if true, has probative force upon the issues, and from which the trier of fact can reasonably decide a case." *Id.* We will affirm the grant of a JNOV only if we find that a submissible case was not made. *Id.*

We presume the plaintiff's evidence is true and "view the evidence and all inferences drawn therefrom in the light most favorable to the verdict." *Id.* "A judgment notwithstanding the verdict is a drastic action that can only be granted if reasonable persons cannot differ on the disposition of the case." *Delacroix*, 407 S.W.3d at 39. "Moreover, there is a presumption favoring the reversal of a judgment notwithstanding the verdict, and this Court will not overturn a jury verdict unless there is a *complete absence of probative facts* to support it." *Id.* (internal quotations omitted) (emphasis in original).

The only claim submitted to the jury at trial was Appellant's claim for unpaid commissions under Section 407.913, which provides:

Any principal who fails to timely pay the sales representative commissions earned by such sales representative shall be liable to the sales representative in a civil action for the actual damages sustained by the sales representative and an additional amount as if the sales rep-

resentative were still earning commissions calculated on an annualized pro rata basis from the date of termination to the date of payment. In addition the court may award reasonable attorney's fees and costs to the prevailing party.

In this case, because of the trial court's order on BusComm's motion for summary judgment, Appellant was required to prove that he sold orders after December 28, 2011, pursuant to his commission agreement with BusComm. In reviewing the trial evidence to determine whether Appellant made a submissible case with respect to this claim, we fail to find "a complete absence of probative facts" to support the verdict. In fact, viewing the evidence in the light most favorable to the verdict, we find evidence that has "probative force upon the issues," from which the jury could have decided in Appellant's favor.

While BusComm presents its arguments in terms of the evidence as to each of the three customers for which Appellant is claiming commission, the jury was not instructed to separately consider the evidence as to each customer. BusComm also argues Appellant did not conduct "sales activity" or make "sales efforts" during the relevant time period, but the verdict director was not worded in terms of "sales activity" or "sales efforts." The verdict director, which is not at issue on appeal, specifically directed the jury to consider whether the Appellant "sold orders after December 28, 2011," pursuant to his commission agreement with BusComm. Accordingly, regardless of whether Appellant may have conducted "sales activity" or made "sales efforts" during the relevant time period and regardless of the identity of the customers involved, the jury simply had to determine whether the Appellant "sold" any orders after December 28, 2011. If there was any substantial evidence to support a conclusion that Appellant "sold" orders after December 28, 2011, pursuant

to his commission agreement, we must reverse the JNOV.

At trial, Appellant testified that he "received signatures on the sale[s] contract on January 4th and 5th" from a particular customer. When asked if the sales date was January 30, 2012, as indicated on the commission report, he testified, "it was sold on January 4th or 5th because I remember getting very excited because I had almost reached half of my quota in the first week [of the year]." While BusComm argues that that particular sale had been made well before January 2012 and that the customer was merely waiting to obtain grant money to complete the sale, a reasonable juror could conclude that the order was "sold" at the time the contract was signed. In addition, Appellant's commission statements from January and February 2012 include a "sales" column with various dates in January and February 2012 listed below. While the director of administration for BusComm testified that the dates in the "sales" column on these commission statements actually indicate the dates BusComm invoiced the customers, a reasonable juror could consider the invoice dates to be the dates the orders were "sold," especially given the lack of any specific alternative "sales" dates offered in the record.

In addition, the January 2012 commission statement identifies two "sales," one listed for $1,045.00 with a commission of $52.25 and one listed for $2,000.00 with a commission of $100.00. The same entries appear as "Pending Sales Commissions, Payable in Future Months." They appear again on the February 2012 commission statement under "Sales Commissions paid this month from Previous Sales." Because these particular items went from being listed in January 2012 as pending sales commissions to being listed in February 2012 as sales commissions paid this month from previous sales, a reasonable juror could conclude that those orders were "sold" between January and February 2012.

BusComm also argues that certain items represented on the commission were for "add-on's" for systems previously sold and, therefore, were not separate sales made after December 28, 2011. BusComm argues a "complete absence of proof that [Appellant] sold [Transolutions] anything *new* after December 28, 2011" (emphasis added). The verdict director, however, did not require Appellant to sell something "new," only that Appellant "sold orders after December 28, 2011," pursuant to his commission agreement. Again, a reasonable juror could conclude that the "add-on's" were in fact "sold" after December 28, 2011, regardless of whether they were related to the sale of a previous system.[4]

Viewing the evidence and all inferences in the light most favorable to the verdict, we find probative facts to support the jury's verdict. We find the Appellant made a submissible case, and the trial court, therefore, erred in granting BusComm's motion for JNOV.

In the same post-trial motion in which it requested JNOV, BusComm requested in the alternative both a new trial and remittitur. Despite Rule 72.01(c), which requires the trial court to rule on alternative motions for new trial at the time it grants a motion for JNOV, the trial court did not rule on BusComm's alternative motions for new trial or remittitur

---

4. BusComm also claims that the trial testimony did not support the specific dollar amount of commission damages awarded by the jury. Aside from both parties' claims for attorney fees, the only issue before this Court is whether the JNOV was proper. Accordingly, we will not address whether the damages awarded by the jury were supported by the evidence.

when it granted BusComm's motion for JNOV. Litigants who choose to join a motion for new trial and a motion for JNOV have an obligation to see that the trial court acts in accordance with Rule 72.01. *State v. Richardson*, 22 S.W.3d 753, 758 (MO. App. E.D. 2000) (citing Medical West Building Corp. v. E.L. Zoernig and Co., 414 S.W.2d 287, 294 (Mo. 1967)). In addition, according to Rule 78.06, any motion for new trial, motion to amend the judgment or opinion or motion for JNOV is overruled if not ruled upon within ninety days after the date the last such timely motion is filed. Nevertheless, we have "the power to remand a case for a direct ruling on a motion for new trial that has been indirectly overruled by operation of law because there was no direct ruling within the period prescribed by the rules." *State ex rel., State Highway Com'n of Missouri v. Cool's Tall Tower, Restaurant and Marina*, 700 S.W.2d 114, 124 (Mo. App. S.D. 1985) (internal quotations omitted). Accordingly, the judgment is reversed and the case remanded with directions to the trial court to reinstate the verdict of the jury, to enter judgment on that verdict and then to consider and rule upon BusComm's alternative motions for new trial or remittitur.[5]

Point I is granted. We reverse and remand for further proceedings consistent with this Opinion.

■ In his second point on appeal, Appellant claims that the trial court erred in denying his motion for attorney fees because the denial was arbitrary and unreasonable so as to shock one's sense of justice in that Appellant was the prevailing party and no circumstances exist that would render such award unjust. We disagree.

■ Appellant makes his claim for unpaid commissions under Section 407.912 of the MMPA, which provides that "the court may award reasonable attorney's fees and costs to the prevailing party." "A prevailing party is one that succeeds on any significant issue in the litigation which achieved some of the benefit the parties sought in bringing suit." *Alhalabi v. Missouri Dept. of Natural Resources*, 300 S.W.3d 518, 530 (Mo. App. E.D. 2009).

At the same time it granted BusComm's motion for JNOV and entered judgment in favor of BusComm, the trial court denied Appellant's motion for attorney fees. Notwithstanding the verdict, judgment was entered in favor of BusComm on Appellant's only remaining claims submitted to the jury, and at that point, Appellant had not succeeded on any significant issue in the litigation. Appellant was not the prevailing party at the time the trial court ruled on his claim for attorney fees, and the trial court did not error in denying Appellant's request for attorney fees under Section 407.912. Appellant asks this Court to reverse the denial of its request for attorney fees in the event that that we reverse the trial court's order granting JNOV. While we agree the JNOV was improper, because we remand with directions to the trial court to reverse the JNOV *and* consider and rule upon BusComm's alternative motions for new trial or remittitur, we are unable to determine which party will prevail or to consider any award of attorney fees on that basis.

Point II is denied.

■ In its cross-appeal, BusComm claims the trial court abused its discretion in denying its motion for attorney fees

---

5. In remanding this case, we express no opinion on any remaining issues contained in Bus-Comm's post-trial motions.

because his MHRA claims were without foundation.[6]

We review the denial of a request for attorney fees for an abuse of discretion, and in doing so, we review the evidence "with great deference toward the trial court." *Oliver v. Ford Motor Credit Co., LLC*, 437 S.W.3d 352, 366 (Mo. App. W.D. 2014). "A court abuses its discretion when its action is so clearly against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice and indicate a lack of careful consideration." *Id.* (internal quotations omitted). The trial court is considered an expert on the question of attorney fees. *Alhalabi*, 300 S.W.3d at 530.

The MHRA provides that the trial court "may award court costs and reasonable attorney fees to the prevailing party ... except that, a prevailing respondent may be awarded court costs and reasonable attorney fees only upon a showing that the case is without foundation." Section 213.111.2. In order to be awarded attorney fees, "[a] prevailing defendant must show, at the very least, that a plaintiff's case is frivolous, unreasonable, or groundless." *Loethen v. Central Missouri Urology Clinic, Inc.*, 48 S.W.3d 126, 130 (Mo. App. S.D. 2001). These awards have been characterized as sanctions, and courts have warned that such awards "should be approached with circumspection." *Willard v. Raga*, 290 S.W.3d 768, 772 (Mo. App. E.D. 2009); *Loethen*, 48 S.W.3d at 130 (citing Bass v. Southwestern Bell Telephone, Inc., 817 F.2d 44, 47 (8th Cir. 1987)).

In granting BusComm's motion for summary judgment on Appellant's MHRA claims, the trial court simply found that there was no genuine issue of material fact as to Appellant's discrimination and retaliation claims, and therefore, BusComm was entitled to judgment as a matter of law. There is no suggestion in the trial court's order indicating that the trial court found the Appellant's MHRA claims to be "without foundation" or otherwise "frivolous, unreasonable, or groundless." *See Korando v. Mallinckrodt, Inc.*, 239 S.W.3d 647 (Mo. App. E.D. 2007) (noting that the trial court made no finding that the case was without foundation in its judgment granting summary judgment in favor of employer and, accordingly, the award of costs to employer was unsupported by Section 213.111.2). Accordingly, we find no abuse of discretion and affirm the trial court's denial of BusComm's motion for attorney fees.

BusComm's point on cross-appeal is denied.

Both parties also filed motions for attorney fees on appeal. Having denied BusComm's cross-appeal, we find no basis to award BusComm fees on appeal. Because we are reversing and remanding this case, it is premature to consider an award of attorney fees on appeal based on a "prevailing party" status under the MMPA. All motions are denied.

Angela T. Quigless, P.J. and Lisa S. Van Amburg, J., concur.

---

**6.** Appellant argues that BusComm's cross-appeal should be dismissed for failure to comply with Rule 84.04. We deny such a request, finding any alleged deficiency does not impede disposition on the merits.